UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

THE ESTATE OF YARON UNGAR, by and
through its Administrator, David Strachman, DVIR
UNGAR, minor, by his guardians and next friends,
YISHAI UNGAR, minor, by his guardians and next
friends, PROFESSOR MEIR UNGAR and JUDITH
UNGAR, individually and in their capacity as legal
guardians of Petitioners Dvir and Yishai Ungar,
RABBI URI DASBERG and JUDITH DASBERG,
in their capacity as legal guardians of Petitioners
Dvir and Yishai Ungar, AMICHAI UNGAR,
DAFNA UNGAR and MICHAL COHEN,

                    Petitioners,

          - against -

MORGAN STANLEY/MORGAN STANLEY DW,
INC., REPUBLIC BANK OF NEW YORK
(HSBC)/HSBC BANK USA, CHASE BANK OF
TEXAS-J.P. MORGAN CHASE & CO./J.P.
MORGAN CHASE BANK,
CITIBANK/CITIGROUP, INC., and THE HOLY
LAND FOUNDATION FOR RELIEF AND
DEVELOPMENT,

                    Respondents.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

JPMORGAN CHASE BANK, N.A.,

               Respondent-Stakeholder and
               Third-Party Petitioner,

          - against -

UNITED STATES OF AMERICA, THE HOLY
LAND FOUNDATION FOR RELIEF AND
DEVELOPMENT, THE ESTATE OF YARON
UNGAR, by and through its Administrator, David
Strachman, DVIR UNGAR, minor, by his guardians
and next friends, YISHAI UNGAR, minor, by his
guardians and next friends, PROFESSOR MEIR
UNGAR and JUDITH UNGAR, individually and in
their capacity as legal guardians of Petitioners Dvir

05 Civ. 3710 (RWS)

ANSWER AND THIRD-
PARTY PETITION
ALLEGING A CLAIM
IN THE NATURE OF
INTERPLEADER



and Yishai Ungar, RABBI URI DASBERG and            :
JUDITH DASBERG, in their capacity as legal          :
guardians of Petitioners Dvir and Yishai Ungar,     :
AMICHAI UNGAR, DAFNA UNGAR and                     :
MICHAL COHEN,                                       :

            Third-Party Respondents-     :
            Adverse Claimants.         :
                             :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

        Respondent-Stakeholder JPMorgan Chase Bank, N.A. ("JPM Chase") and

Respondent J.P. Morgan Chase & Co. ("JPMC & Co."), by their attorneys Davis Polk &

Wardwell, allege as follows for their answer to the Petition herein pursuant to

CPLR §§ 5225 and 5227:

      1.    Admit, upon information and belief, that Petitioners obtained a judgment

against Harakat Al-Muqawama Al Islamiyya ("HAMAS") in the United States District

Court for the District of Rhode Island on February 11, 2004, and registered the judgment

in this Court as Judgment No. 04-1032 on June 1, 2004.

      2.    Deny knowledge or information as to the factual allegations contained in

paragraph 2 of the Petition, and allege further that the remaining allegations contained in

paragraph 2 constitute a legal conclusion as to which no response is required.

      3.    Deny knowledge or information sufficient to form a belief as to the truth

of the allegations contained in paragraph 3 of the Petition, except admit that a United

States Marshal served a writ of execution on the offices of Respondent-Stakeholder JPM

Chase and Respondent JPMC & Co. at 270 Park Avenue in the City and State of New

York addressed to "J.P. Morgan Chase & Co." (defined herein as "JPMC & Co."), the

holding company in respect of JPMorgan Chase Bank, the predecessor of JPM Chase and the successor by merger to Chase Bank of Texas.

4.    Admit, upon information and belief, the allegations contained in paragraph 4 of the Petition.

5.    Admit, upon information and belief, the allegations contained in paragraph 5 of the Petition, and refer to the restraining order in question for the terms, contents and conditions thereof.

6.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of the Petition, except admits that JPM Chase, after being placed on notice of the restraining notice, advised the Petitioners that it was unable to comply with the writ of execution, and refer to the restraining order for the terms, contents and conditions thereof.

7.    State that the allegations contained in paragraph 7 of the Petition constitute a legal conclusion as to which no response is required.

8.    Admit that Petitioners purport to bring this turnover proceeding pursuant to CPLR §§ 5225 and 5227.

## JURISDICTION AND VENUE

9.    Admit that Petitioners purport to ground jurisdiction under various federal statutes, the Federal Rules of Civil Procedure and New York's Civil Practice Law and Rules, as well as the Court's ancillary enforcement jurisdiction.

10.    Admit that Petitioners purport to ground jurisdiction over respondents pursuant to Fed.R.Civ.P. 4(k) and CPLR §§ 301 and 302.

3

11.    Deny knowledge or information sufficient to form a belief as to the truth of the factual allegations contained in paragraph 11 of the Petition, and state further that the allegations contained in paragraph 11 of the Petition constitute a legal conclusion as to which no response is required.

## THE PARTIES

12.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 of the Petition.

13.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 of the Petition.

14.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 of the Petition.

15.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15 of the Petition.

16.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16 of the Petition.

17.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17 of the Petition.

18.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18 of the Petition.

19.    Deny the allegations contained in paragraph 19, except admit that Respondent-Stakeholder JPMorgan Chase Bank, N.A. (previously defined herein as "JPM Chase"), which is the successor by merger of Chase Bank of Texas and JPMorgan

Chase Bank, is a national bank organized under the laws of the United States, and admit

further that JPM Chase maintains offices in the City and State of New York at 270 Park

Avenue, and that it is wholly-owned by Respondent J.P. Morgan Chase & Co.

(previously defined herein as "JPMC & Co."), a bank holding company which maintains

offices in the City and State of New York at 270 Park Avenue.

     20.    Deny knowledge or information sufficient to form a belief as to the truth

of the allegations contained in paragraph 20 of the Petition.

     21.    Deny knowledge or information sufficient to form a belief as to the truth

of the allegations contained in paragraph 21 of the Petition.

**STATEMENT OF FACTS**

     a.    <u>Petitioners' Judgment</u>

     22.    Deny knowledge or information sufficient to form a belief as to the truth

of the allegations contained in paragraph 22 of the Petition.

     23.    Deny knowledge or information sufficient to form a belief as to the truth

of the allegations contained in paragraph 23 of the Petition.

     24.    Deny knowledge or information sufficient to form a belief as to the truth

of the allegations contained in paragraph 24 of the Petition.

     25.    State that the allegations contained in paragraph 25 of the Petition

constitute a legal conclusion as to which no response is required, and refer to the

Antiterrorism Act, 18 U.S.C. § 2331 et seq., for the terms, contents and conditions

thereof.

5

26.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 26 of the Petition, including the footnote to paragraph 26.

27.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 27 of the Petition.

28.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 28 of the Petition, except refer to the opinion cited for the contents thereof.

29.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 29 of the Petition, except refer to the Report and Recommendation of the Magistrate Judge for the contents thereof.

30.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 30 of the Petition, except refer to the Report and Recommendation of the Magistrate Judge for the contents thereof.

31.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 31 of the Petition.

32.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 32 of the Petition, except refer to the Memorandum and Order for the contents thereof.

33.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 33 of the Petition.

b.    HAMAS and HAMAS Agencies and Instrumentalities

34.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 34 of the Petition.

35.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 35 of the Petition.

36.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 36 of the Petition.

37.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 37 of the Petition.

38.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 38 of the Petition.

39.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 39 of the Petition.

40.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 40 of the Petition.

c.    The Blocking of Assets Belonging to HAMAS and HAMAS' Agencies and Instrumentalities in the United States

41.    State that the allegations contained in paragraph 41 of the Petition constitute a legal conclusion as to which no response is required, and refer to the International Economic Emergency Powers Act, 50 U.S.C. § 1701 et seq. ("IEEPA"), for the terms and contents thereof.

42.    State that the allegations contained in paragraph 42 of the Petition constitute a legal conclusion as to which no response is required, and refer to Executive

Order 12947, as amended by Executive Order 13099, 63 Fed. Reg. 45167, and Executive

Order No. 13372, 70 Fed. Reg. 8499, for the terms and conditions thereof.

43.    State that the allegations contained in paragraph 43 of the Petition

constitute a legal conclusion as to which no response is required, but note that Executive

Order 13324, as amended by Executive Order No. 13268, 67 Fed. Reg. 44751, Executive

Order No. 13284, 68 Fed. Reg. 4075, and Executive Order No. 13372, 70 Fed.

Reg. 8499, was also issued, *inter alia*, pursuant to the United Nations Participation Act,

22 U.S.C. §287c (the "UNPA"), and refer to Executive Order 13324, as amended,

IEEPA, and the UNPA for the terms and conditions thereof.  Deny that Executive Order

13224 or the Annex thereto contains a reference to HAMAS or the term "Specially

Designated Global Terrorist."

44.    State that the allegations contained in paragraph 44 of the Petition

constitute a legal conclusion as to which no response is required, and refer to Executive

Orders 12947 and 13324, as amended, to the case referred to in paragraph 44, Holy Land

Foundation v. Ashcroft, 219 F. Supp.2d 57, 64 (D.D.C. 2002) ("Holy Land v. Ashcroft"),

and to the Blocking Notice (the "Blocking Notice") issued by the U.S. Treasury

Department's Office of Foreign Assets Control ("OFAC") for the terms and contents

thereof.

45.    State that the allegations contained in paragraph 45 of the Petition

constitute a legal conclusion as to which no response is required, and refer to the opinions

of the District court of the Court of Appeals in Holy Land v. Ashcroft for the terms and

contents thereof.

d.     The Effect of Blocking Under IEEPA

46.     State that the allegations contained in paragraph 46 of the Petition constitute a legal conclusion as to which no response is required, and refer to Executive Orders 12947 and 13324 for the terms and contents thereof.

47.     State that the allegations contained in paragraph 47 of the Petition constitute a legal conclusion as to which no response is required, and refer to the CFR provisions cited for the terms and conditions thereof.

48.     State that the allegations contained in paragraph 48 of the Petition constitute a legal conclusion as to which no response is required, and refer to the CFR provisions cited for the terms and conditions thereof.

49.     State that the allegations contained in paragraph 49 of the Petition constitute a legal conclusion as to which no response is required, and refer to the CFR provisions cited for the terms and conditions thereof.

e.     As to the Allegations that the Terrorism Risk Insurance Act
       of 2002 Subjects the Blocked Assets of the HLF to Execution
       in Satisfaction of Plaintiffs' Judgment Against HAMAS

50.     State that the allegations contained in paragraph 50 of the Petition constitute a legal conclusion as to which no response is required, and refer to the Terrorism Risk Insurance Act of 2002 (Public Law 107-297; 116 Stat. 2322) ("TRIA") for the terms, contents and conditions thereof.

51.     State that the allegations contained in paragraph 51 of the Petition constitute a legal conclusion as to which no response is required, and refer to TRIA for the terms, contents and conditions thereof.

52.    State that the allegations contained in paragraph 52 of the Petition constitute a legal conclusion as to which no response is required, and refer to the opinion of the U.S. Court of Appeals for the District of Columbia in Hill v. Republic of Iraq, 203 WL 21057173 (D.D.C. 2003), for the terms and contents thereof.

53.    State that the allegations contained in paragraph 53 of the Petition constitute a legal conclusion as to which no response is required, and refer to TRIA for the terms, contents and conditions thereof.

54.    State that the allegations contained in paragraph 54 of the Petition constitute a legal conclusion as to which no response is required, and refer to TRIA and the opinion in Hill for the terms, contents and conditions thereof.

55.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 55 of the Petition, and state further that the remaining allegations contained in paragraph 55, including the allegations contained in the footnotes thereto, constitute assertion of legal conclusions as the which no response is required, and refer to TRIA and Executive Orders 12947 and 13224 for the terms, contents and conditions thereof.

56.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 56 of the Petition, including the footnote thereto, except refer to the opinion of the United States District Court for the District of Rhode Island in Ungar v. The Palestinian Authority, 304 F. Supp. 2d 232, 243-79 (D.R.I. 2004), for the terms, contents and conditions thereof.

57.    State that the allegations contained in paragraph 57 of the Petition constitute a legal conclusion as to which no response is required, and refer to the opinion of the U.S. District Court for the District of Northern Illinois in <u>Boim v. Quranic Literacy Institute</u>, 340 F. Supp. 2d 885 (N.D. Ill. 2004) ("<u>Boim</u>"), for the terms, contents and conditions thereof.

58.    State that the allegations contained in paragraph 58 of the Petition constitute a legal conclusion as to which no response is required.

59.    State that the allegations contained in paragraph 59 of the Petition constitute a legal conclusion as to which no response is required.

60.    State that the allegations contained in paragraph 60 of the Petition constitute a legal conclusion as to which no response is required.

f.    <u>The Ungars' Enforcement Proceedings Under TRIA</u>

61.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 61 of the Petition.

62.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 62 of the Petition.

63.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 63 of the Petition.

64.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 64 of the Petition.

65.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 65 of the Petition.

66.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 66 of the Petition.

67.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 67 of the Petition, except refer to the court papers referred to for the terms and contents thereof.

68.     State that the allegations contained in paragraph 68 of the Petition constitute a legal conclusion as to which no response is required, and refer to the Order signed by Judge Casey for the terms, contents and conditions thereof.

69.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 69 of the Petition.

70.     State that the allegations contained in paragraph 70 of the Petition constitute a legal conclusion as to which no response is required, and refer to TRIA and the IEEPA blocking regime for the terms, contents and conditions thereof.

71.     State that the allegations contained in paragraph 71 of the Petition constitute a legal conclusion as to which no response is required, and refer to TRIA and the cases cited in paragraph 71 for the terms and contents thereof.

72.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 72 of the Petition, except refer to the notice referred to for terms and contents thereof.

73.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 73 of the Petition.

g.    The Government's Criminal and Forfeiture Proceedings Against HLF

74.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 74 of the Petition.

75.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 75 of the Petition, except refer to the Dockets referred to for the terms and contents thereof.

76.    Deny knowledge or information sufficient to form a belief as to the truth of the factual allegations contained in paragraph 76 of the Petition, and state that the remaining allegations contained in paragraph 76 constitute a legal conclusion as to which no response is required.

77.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 77 of the Petition, except refer to the Docket of the case cited in paragraph 77 for the contents thereof.

78.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 78 of the Petition.

79.    State that the allegations contained in paragraph 79 of the Petition constitute a legal conclusion as to which no response is required, and refer to the CFR provisions and indictment referred to for the terms, contents and provisions thereof.

80.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 80 of the Petition, except refer to the OFAC license referred to for the terms, contents and provisions thereof.

81.    State that the allegations contained in paragraph 81 of the Petition constitute a legal conclusion as to which no response is required.

82.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 82 of the Petition, except refer to the OFAC license referred to for the terms and conditions thereof.

83.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 83 of the Petition, except refer to the Docket in U.S.A. v. Holy Land Foundation and to the pleading and proposed order referred to for the terms, contents and conditions thereof.

84.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 84 of the Petition, except refer to the Ex Parte Application in question for the contents thereof.

85.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 85 of the Petition, except refer to the Ex Parte Application in question for the contents thereof.

86.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 86 of the Petition, except refer to the Ex Parte Application in question for the contents thereof.

87.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 87 of the Petition, except refer to the Post-Indictment Restraining Order in question for the term, contents and conditions thereof.

       h.     The Respondent Banks' Response to the Restraining Order

       88.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 88 of the Petition, except admit that upon being placed on notice of the Post-Indictment Restraining Order, JPMorgan Chase Bank advised Petitioners that it would be unable to comply with the writ of execution issued by the Court.

       i.     The Ungars' Appeal

       89.     State that the allegations contained in paragraph 89 of the Petition constitute a legal conclusion as to which no response is required.

       90.     State that the allegations contained in paragraph 90 of the Petition constitute a legal conclusion as to which no response is required.

       91.     State that the allegations contained in paragraph 91 of the Petition constitute a legal conclusion as to which no response is required, and refer to the opinion of the United States Court of Appeals for the Fifth Circuit for the contents thereof.

       92.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 92 of the Petition.

       93.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 93 of the Petition, except refer to the briefs submitted by the U.S. Department of Justice for the contents thereof.

       94.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 94 of the Petition.

       95.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 95 of the Petition.

96.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 96 of the Petition.

**AS TO THE ALLEGATIONS THAT THE RESTRAINING ORDER IS VOID AND/OR INEFFECTIVE TO PREVENT PETITIONERS' ENFORCEMENT PROCEEDINGS UNDER § 201 OF TRIA**

97.    State that the allegations contained in paragraph 97 of the Petition constitute a legal conclusion as to which no response is required.

a.    As to the Allegations that the Blocked HLF Funds Were in the Custody of This Court (*in custodia legis*) at the Time That the Restraining Order was Issued and the Dallas District Court Therefore Lacked Jurisdiction to Issue the Restraining Order

98.    State that the allegations contained in paragraph 98 of the Petition constitute a legal conclusion as to which no response is required.

99.    State that the allegations contained in paragraph 99 of the Petition constitute a legal conclusion as to which no response is required.

100.    State that the allegations contained in paragraph 100 of the Petition constitute a legal conclusion as to which no response is required.

101.    State that the allegations contained in paragraph 101 of the Petition constitute a legal conclusion as to which no response is required.

102.    State that the allegations contained in paragraph 102 of the Petition constitute a legal conclusion as to which no response is required.

103.    State that the allegations contained in paragraph 103 of the Petition constitute a legal conclusion as to which no response is required.

104.    State that the allegations contained in paragraph 104 of the Petition constitute a legal conclusion as to which no response is required.

16

105.    State that the allegations contained in paragraph 105 of the Petition constitute a legal conclusion as to which no response is required.

106.    State that the allegations contained in paragraph 106 of the Petition constitute a legal conclusion as to which no response is required.

107.    State that the allegations contained in paragraph 107 of the Petition constitute a legal conclusion as to which no response is required.

108.    Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 108 of the Petition.

109.    State that the allegations contained in paragraph 109 of the Petition constitute a legal conclusion as to which no response is required, and refer to the opinion of the Fifth Circuit in Wong Shing for the contents thereof.

110.    State that the allegations contained in paragraph 110 of the Petition constitute a legal conclusion as to which no response is required, and refer to the opinion of the Supreme Court cited in paragraph 110 for the contents thereof.

111.    State that the allegations contained in paragraph 111 of the Petition constitute a legal conclusion as to which no response is required.

b.    As to the Allegations that Section 201 of TRIA Permits
        Execution Against the Blocked HLF Funds Notwithstanding
        the Government's Forfeiture Proceedings, and the Restraining
        Order is Therefore Void and/or Ineffective to the Extent it
        Purports to Prevent Enforcement Proceedings Pursuant to TRIA

112.    State that the allegations contained in paragraph 112 of the Petition constitute a legal conclusion as to which no response is required, and refer to TRIA for the terms contents and conditions thereof.

17

113.    State that the allegations contained in paragraph 113 of the Petition constitute a legal conclusion as to which no response is required, and refer to TRIA and to the opinion in Hill for the terms, contents and conditions thereof.

114.    State that the allegations contained in paragraph 114 of the Petition constitute a legal conclusion as to which no response is required, and refer to TRIA and to the opinion in Hill for the terms, contents and conditions thereof.

115.    State that the allegations contained in paragraph 115 of the Petition constitute a legal conclusion as to which no response is required, and refer to TRIA and to the opinion cited in paragraph 115 for the terms, contents and conditions thereof.

116.    State that the allegations contained in paragraph 116 of the Petition constitute a legal conclusion as to which no response is required, and refer to TRIA, IEEPA and the Convention for the terms and conditions thereof.

117.    State that the allegations contained in paragraph 117 of the Petition constitute a legal conclusion as to which no response is required, and refer to IEEPA and the opinion cited in paragraph 117 for the terms, contents and conditions thereof.

118.    State that the allegations contained in paragraph 118 of the Petition constitute a legal conclusion as to which no response is required, and refer to IEEPA and the opinion cited in paragraph 118 for the terms, contents and conditions thereof.

119.    State that the allegations contained in paragraph 119 of the Petition constitute a legal conclusion as to which no response is required, and refer to IEEPA and the opinion cited in paragraph 119 for the terms, contents and conditions thereof.

120.    State that the allegations contained in paragraph 120 of the Petition constitute a legal conclusion as to which no response is required, and refer to IEEPA and the opinion cited in paragraph 120 for the terms, contents and conditions thereof.

121.    State that the allegations contained in paragraph 121 of the Petition constitute a legal conclusion as to which no response is required.

122.    State that the allegations contained in paragraph 122 of the Petition constitute a legal conclusion as to which no response is required.

123.    State that the allegations contained in paragraph 123 of the Petition, including the footnote thereto, constitute a legal conclusion as to which no response is required.

124.    State that the allegations contained in paragraph 124 of the Petition constitute a legal conclusion as to which no response is required.

125.    State that the allegations contained in paragraph 125 of the Petition constitute a legal conclusion as to which no response is required.

126.    State that the allegations contained in paragraph 126 of the Petition constitute a legal conclusion as to which no response is required, and refer to TRIA and to the U.S. Foreign Sovereign Immunities Act of 1976 ("FSIA") for the terms, contents and conditions thereof.

127.    State that the allegations contained in paragraph 127 of the Petition constitute a legal conclusion as to which no response is required, and refer to the FSIA and to the cited legislative history thereof for the terms, contents and conditions thereof.

128.    State that the allegations contained in paragraph 128 of the Petition constitute a legal conclusion as to which no response is required, and refer to the FSIA and to the cases cited in paragraph 128 of the Petition for the terms, contents and conditions thereof.

129.    State that the allegations contained in paragraph 129 of the Petition constitute a legal conclusion as to which no response is required, and refer to Section 1609 of the FSIA for the terms, contents and conditions thereof.

130.    State that the allegations contained in paragraph 130 of the Petition constitute a legal conclusion as to which no response is required, and refer to TRIA and the opinion in <u>Hill</u> for the terms, contents and conditions thereof.

131.    State that the allegations contained in paragraph 131 of the Petition constitute a legal conclusion as to which no response is required, and refer to TRIA, the FSIA and the opinion cited in paragraph 131 of the Petition for the terms, contents and conditions thereof.

132.    State that the allegations contained in paragraph 132 of the Petition constitute a legal conclusion as to which no response is required, and refer to the Vienna Convention for the terms, contents and conditions thereof.

133.    State that the allegations contained in paragraph 133 of the Petition constitute a legal conclusion as to which no response is required, and refer to the Vienna Convention and the opinions cited in paragraph 133 of the Petition for the terms, contents and conditions thereof.

134.    State that the allegations contained in paragraph 134 of the Petition constitute a legal conclusion as to which no response is required, and refer to the Vienna Convention and the FSIA for the terms, contents and conditions thereof.

135.    State that the allegations contained in paragraph 135 of the Petition constitute a legal conclusion as to which no response is required.

      c.     As to the Allegations That the Restraining Order was Given in Violation of Rule 65 of the Federal Rules of Civil Procedure and the Fifth Amendment and In any Case Has Expired by Operation of Rule 65

136.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 136 of the Petition, except refer to the Post-Indictment Restraining Order for the terms, contents and conditions thereof.

137.    State that the allegations contained in paragraph 137 of the Petition constitute a legal conclusion as to which no response is required, and refer to the opinion cited in paragraph 137 for the terms and conditions thereof.

138.    State that the allegations contained in paragraph 138 of the Petition constitute a legal conclusion as to which no response is required, and refer to the opinion cited in paragraph 138 for the terms and conditions thereof.

139.    Deny knowledge or information sufficient to form a belief as to the truth of the factual allegations contained in paragraph 139 of the Petition, and state further that the remaining allegations contained in paragraph 139 of the Petition constitute a legal conclusion as to which no response is required.

140.    Deny knowledge or information sufficient to form a belief as to the truth of the factual allegations contained in paragraph 140 of the Petition, and state further that

the remaining allegations contained in paragraph 140 of the Petition constitute a legal conclusion as to which no response is required.

141.    State that the allegations contained in paragraph 141 of the Petition constitute a legal conclusion as to which no response is required, and refer to the opinions cited in paragraph 141 of the Petition for the terms, contents and conditions thereof.

142.    State that the allegations contained in paragraph 142 of the Petition constitute a legal conclusion as to which no response is required.

143.    State that the allegations contained in paragraph 143 of the Petition constitute a legal conclusion as to which no response is required, but furthermore deny the allegations contained in paragraph 143 of the Petition.

## COUNT I

### AS TO THE ALLEGATIONS AGAINST ALL RESPONDENTS
### TURNOVER

144.    Repeats and realleges the allegations contained in paragraphs 1-143 above as if fully set forth herein.

145.    State that the allegations contained in paragraph 145 of the Petition constitute a legal conclusion as to which no response is required.

146.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 146 of the Petition, except admit that Respondent-Stakeholder JPM Chase holds blocked deposit accounts in the name of HLF, and deny that Respondent JPMC & Co. holds any blocked deposit accounts in the name of HLF or any other party.

22

147.   Deny knowledge or information sufficient to form a belief as to the truth of the factual allegations contained in paragraph 147 of the Petition, except admit that a writ of execution addressed to "J.P. Morgan Chase & Co." was served on the offices of Respondent-Stakeholder JPM Chase and Respondent JPMC & Co. at 270 Park Avenue in the City and State of New York in September 2004.

148.   Deny knowledge or information sufficient to form a belief as to the truth of the factual allegations contained in paragraph 148 of the Petition, except admit that, upon being placed on notice of the restraining order issued by the United States District Court for the Northern District of Texas, JPMorgan Chase Bank advised counsel for Petitioners that it would be unable to comply with the writ of execution.

149.   State that the allegations contained in paragraph 149 of the Petition constitute a legal conclusion as to which no response is required, except denies the allegations contained in paragraph 149 of the Petition as such allegations relate to JPM Chase.

150.   Denies the allegations contained in paragraph 150 of the Petition as they relate to JPM Chase inasmuch as the writ of execution expired when it was not renewed prior to the running of ninety (90) days after levy, and is of no further force or effect.

151.   State that the allegations contained in paragraph 151 of the Petition constitute a legal conclusion as to which no response is required.

### ADDITIONAL ALLEGATIONS RELEVANT TO ADDITIONAL DEFENSES AND THIRD-PARTY CLAIMS

152.   JPM Chase, which is a stakeholder in this context, and JPMC & Co., which has been named as a Respondent in this proceeding but is not a proper garnishee,

recognize that it is possible that Petitioners may be entitled to the relief sought pursuant to the Petition.

153.    Before the Court can grant such relief, however, all interested parties should have an opportunity to be heard, and the Court is respectfully requested to:

(a)    first determine whether the turnover relief sought by Petitioners is precluded by the Post-Indictment Restraining Order issued by the United States District Court for the Northern District of Texas; and

(b)    if the Court determines that the Restraining Order does not preclude turnover relief, or if the Restraining Order is vacated by the Fifth Circuit in the context of the Petitioners' appeal, the Court is respectfully requested to adjudicate the issues presented by Petitioners' request for relief under TRIA; the Foreign Sovereign Immunities Act of 1976, 28 U.S.C. § 1601 et seq. (the "FSIA"); Executive Order No. 12947, 60 Fed. Reg. 35079, as amended, issued pursuant to IEEPA, and Executive Order No. 13224, 66 Fed. Reg. 49074, as amended, issued pursuant to, *inter alia*, IEEPA and the UNPA; and any relevant regulations or designations issued by OFAC;

(c)    if the turnover sought by Petitioners is granted, enter an order pursuant to CPLR § 5209 discharging JPM Chase from liability to HLF as its depositor in its capacity as a judgment debtor, within the meaning of CPLR § 5209, and further discharging JPM Chase

24

from liability to any and all other parties for any levy, execution or turnover of HLF blocked deposits made pursuant to the Court's order; and

(d)    irrespective whether the turnover sought by Petitioners is granted, enter an order determining that JPMC & Co., which holds no property of HLF and holds no deposits of, and owes no deposit debt to, HLF, is not a proper garnishee in respect of the Petition.

## FOR THEIR FIRST AFFIRMATIVE DEFENSE

154.    The turnover relief sought by the Petitioners is or may be barred by the Post-Indictment Restraining Order.

## FOR THEIR SECOND AFFIRMATIVE DEFENSE

155.    The writ of execution which Petitioners seek to enforce pursuant to CPLR §§ 5225 and 5227 expired when it was not renewed by further order of the Court within sixty (60) days after levy.

## FOR THEIR THIRD AFFIRMATIVE DEFENSE

156.    No proof of service of the Petition on HLF has been filed with the Court, nor is there any filing with the Court as to the delivery of the Petition to HLF in a manner calculated to put it on notice of the relief sought.

## FOR THEIR FOURTH AFFIRMATIVE DEFENSE

157.    No proof of service on the judgment debtor, as required by CPLR §§ 5225(a) and 5227, has been filed with the Court.

**FOR THEIR FIFTH AFFIRMATIVE DEFENSE**

158.    While Petitioners rely on Section 201 of TRIA, they have alleged in their Petition some but not all of the elements required to be established by them as a predicate for issuance by the Court of any order authorizing execution against or turnover of the blocked HLF deposits with JPM Chase, including, without limitation, allegations and a factual showing permitting a determination by the Court:

    (a)    that the judgment sought to be enforced is (i) against a terrorist party on a claim based on an act of terrorism; or (ii) based on a claim in respect of an act for which a terrorist party is not immune under 28 U.S.C. § 1605(a)(7);

    (b)    that the amount in respect of which execution is sought, including interest and any poundage, is solely for compensatory damages in respect of which the terrorist party has been adjudged liable;

    (c)    that the HLF is an "agency or instrumentality" of a terrorist party within the meaning of TRIA, and that under applicable law HLF is liable for the debts of HAMAS;

    (d)    that, in respect of any judgment entered against a terrorist party by default, a copy of such default judgment was served on the party in a manner provided by applicable law; and

    (e)    that the Petition was served upon the judgment debtor in a manner provided by applicable law

(f)    that the Answer to the Petition and the Third-Party Petition was

served on HLF in a manner likely to place it on notice of the effort

to satisfy a judgment against HAMAS by executing against HLF

deposits with JPM Chase.

### FOR THEIR SIXTH AFFIRMATIVE DEFENSE

159.    The First Amended Petition fails to state a claim upon which relief can be

granted for the reason, among others, that neither JPM Chase nor JPMC & Co. holds any

property in the name of, or owes a deposit or other debt to, judgment debtor HAMAS

within the meaning of CPLR § 5201 or Section 134 of the Banking Law of the State of

New York.

### FOR THEIR SEVENTH AFFIRMATIVE DEFENSE

160.    Pursuant to Executive Order 12947 and Executive Order 13224, both as

amended, and pursuant to the Regulations and designations issued by OFAC thereunder,

JPM Chase and JPMC & Co. are and have been prohibited from transferring any assets

held by either of them, if any, in which HLF has an interest, except pursuant to a license

issued by OFAC. Accordingly, as set forth above, in order to be entitled to the relief

sought herein, Petitioners must establish, and this Court must adjudicate, that TRIA

overrides the referenced OFAC Regulations and designations.

### FOR THE EIGHTH AFFIRMATIVE DEFENSE
### OF J.P. MORGAN CHASE & CO.

161.    JPMC & Co. does not hold any property of, or owe a deposit debt to, HLF,

and is not therefore a proper garnishee or proper respondent in this turnover proceeding.

27

## FOR THE THIRD-PARTY PETITION OF JPM CHASE UNDER
## CPLR § 5239 AND SECTION 134 OF THE NEW YORK BANKING LAW

162.    As indicated above, neither JPM Chase nor JPMC & Co. holds property in

the name of, or owes any deposit debt to, HAMAS.  JPM Chase does, however, hold

blocked deposits standing to the credit of HLF, which Petitioners allege is an "agency or

instrumentality" of HAMAS within the meaning of TRIA.  JPM Chase therefore is a

stakeholder and may be subject to conflicting claims and obligations as to the deposit

debts at issue here.  As further indicated above, JPMC & Co. holds no deposits of HLF

and owes no deposit debt to it, and is therefore not a proper garnishee in respect of the

Petition.

163.    The attempt by Petitioners to enforce a judgment that they hold against

HAMAS by executing against blocked deposits standing to the credit of HLF, an entity

alleged to be a agency or instrumentality of HAMAS, represents an adverse claim against

the blocked HLF deposits within the meaning of Section 5239 of New York's Civil

Practice Law and Rules (as made applicable to this proceeding by Rule 69 of the Federal

Rules of Civil Procedure), as amplified by Section 134 of the Banking Law of the State

of New York.

164.    As indicated above, the United States, in the context of the criminal action

against HLF pending in the Northern District of Texas, obtained a Post-Indictment

Restraining Order that prevents JPM Chase from disposing of any HLF funds.  In

addition, pursuant to Executive Order Nos. 12947 and 13224, both as amended, and

pursuant to the OFAC Regulations issued thereunder, JPM Chase is prevented from

effecting any unlicensed transfer of blocked deposits, including blocked deposits standing

to the credit of HLF, whether pursuant to execution or otherwise. The United States, therefore, is also an adverse claimant or interested party in respect of the blocked deposits referred to above within the meaning of Section 5239 of New York's Civil Practice Law and Rules and Section 134 of New York's Banking Law.

## JURISDICTION AND VENUE IN RESPECT
## OF THE THIRD-PARTY PETITION OF JPM CHASE HEREIN

165.    This Court has jurisdiction over this proceeding to resolve adverse claims to deposit debts owed by JPM Chase to HLF, as an entity alleged to be an agency or instrumentality of HAMAS, because the proceeding initiated by Petitioners giving rise to the Third-Party Petition herein seeks turnover of the same HLF deposit debts, and arises under the Constitution, laws or treaties of the United States, and this Court furthermore has jurisdiction over this proceeding under 28 U.S.C. § 1346(a)(2), by reason of the fact that this proceeding to determine adverse claims is in the nature of a civil action brought against the United States that is based upon the Constitution, laws or treaties of the United States, or upon Executive Orders issued by the President, or the regulations issued by an executive department. This Court furthermore has supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a) over all claims that are so related to claims in the proceeding within the Court's original jurisdiction that they form part of the same case or controversy. Pursuant to Rule 69 of the Federal Rules of Civil Procedure, proceedings supplemental to and in aid of execution, such as a proceeding to determine adverse claims under CPLR § 5239, are to be in accordance with the practice and procedure of the State in which the district court is held, subject to any applicable statute of the United States.

29

166.    Venue in respect of the Third-Party Petition is proper in this judicial

district pursuant to 28 U.S.C. § 1391(b)(2) and (e) because a substantial part of the

property that is the subject of this third-party proceeding is situated in this district.

### THE PARTIES

167.    Respondent and Third-Party Petitioner JPM Chase is a national bank

which maintains offices at 270 Park Avenue in the City and State of New York.

168.    The Petitioners identified in the Petition (the "Ungar Petitioners"), who

may be served through their counsel, are adverse claimants to blocked deposits reflected

on the books of JPM Chase that stand to the credit of HLF, which Petitioners allege is an

agency or instrumentality of judgment debtor HAMAS.  Accordingly, Petitioners may be

deemed Respondents Adverse-Claimants in respect of the Third-Party Petition herein,

which is in the nature of interpleader and is brought pursuant to CPLR § 5239 and

Section 134 of the New York Banking Law in order to bring all known adverse claimants

before the Court and to resolve conflicting claims to HLF funds held by JPM Chase.

Under these circumstances, JPM Chase may be exposed to claims from HLF, as well as

other parties, and is therefore exposed to the risk of double liability from such claimants.

The Ungar Petitioners may also be deemed to be Counterclaim Respondents Adverse-

Claimants.

169.    Respondent and Third-Party Respondent Adverse-Claimant HLF, which

has maintained its principal offices at 525 International Parkways, Suite 525, Richardson,

Texas, has maintained a deposit account with JPM Chase and its predecessors.  HLF is at

the present time owed a deposit debt by JPM Chase that has been blocked by Regulations

issued by OFAC. That deposit is also subject to the Post-Indictment Restraining Order

obtained by the United States. Accordingly, HLF is also an adverse claimant to the

deposit that is the subject of the turnover sought by the Petition and may be deemed to be

an Respondent Adverse-Claimant in respect of the Third-Party Petition herein. HLF,

which was named as a Respondent in the Petition, may also be deemed to be a Cross-

Claim Respondent Adverse-Claimant.

170.    The United States of America, which has prohibited transfer of any

blocked deposits standing to the credit of HLF pursuant to Executive Orders 12947 and

13224, both as amended, and pursuant to the OFAC Regulations and designations issued

thereunder, and which has also obtained a Post-Indictment Restraining Order from the

United States District Court for the Northern District of Texas in the context of a criminal

proceeding brought against HLF, is similarly an Adverse Claimant or interested party in

respect of the Ungar Petition, and may also be deemed an Adverse Claimant-Respondent

in respect of the Third-Party Petition herein. The United States may be served by service

on the United States Attorney for the Southern District of New York.

## FOR THEIR CLAIMS IN THE NATURE OF INTERPLEADER

171.    The Ungar Petitioners, HLF and the United States have either asserted, or

may be entitled to assert, claims in respect of the blocked deposits standing to the credit

of HLF.

172.    JPM Chase, which maintains the blocked HLF deposits on its books

against which execution or turnover is sought, is a stakeholder in respect of the blocked

31

funds, and conflicting claims either have been or may be asserted against the blocked deposits that present the risk to JPM Chase of double liability.

173.    JPM Chase is unable to effect the unlicensed transfer of blocked deposits held by it to either Petitioners or Third-Party Respondent HLF without risk of violating the OFAC Regulations, nor is it able to pay any part of such blocked deposits out to the Petitioners without being subjected to the risk of contempt for violating the Post-Indictment Restraining Order obtained by the United States.

WHEREFORE, Respondent and Third-Party Petitioner JPMorgan Chase Bank, N.A. respectfully requests that the Court enter judgment determining whether an order of execution or turnover should be issued in respect of the blocked HLF deposits held by JPM Chase, and if the Court does order execution or turnover, determine in its order:

(a)    the precise amount of property or deposit debt, if any, to be turned over pursuant to any execution or other turnover order, and the identity of any judgment creditor to whom the turnover is granted;

(b)    whether, as to each judgment in respect of which execution or turnover is ordered, (i) HLF be regarded as the "agency or instrumentality" of a terrorist party on a claim based on an act of terrorism within the meaning of TRIA; or (ii) the judgment is based on a claim in respect of an act for which a terrorist party is not immune under 28 U.S.C. § 1605(a)(7);

(c)    whether the amount of each judgment as to which execution is ordered, including interest and any poundage, is solely for compensatory, not punitive, damages in respect of which the terrorist party has been adjudged

liable inasmuch as TRIA § 201(a) only permits execution upon blocked assets in aid of execution in order to satisfy judgments "to the extent of any compensatory damage for which [a] terrorist party has been adjudged liable";

(d)     whether, in respect of each judgment entered against a terrorist party by default, (i) HLF was sufficiently on notice of the proceedings giving rise to the findings of fact made against it such that the requirements of due process have been satisfied; and (ii) a copy of such default judgment was sent to the judgment debtor in a manner provided for by applicable law;

(e)     whether the service by JPM Chase and JPMC & Co. of their Answer to the Petition and the Third-Party Petition of JPM Chase under CPLR § 5239, made applicable herein by Rule 69 of the Federal Rules of Civil Procedure, is good and sufficient service;

(f)     whether, to the extent that JPM Chase is ordered to turn over any amount representing a deposit debt owed to HLF, JPM Chase, pursuant to CPLR § 5209, is discharged from any and all obligations or liabilities to HLF, as a judgment debtor within the meaning of CPLR § 5209, or to any other person to the full extent of the payment;

(g)     irrespective whether the turnover sought by Petitioners is granted, whether JPMC & Co., which holds no property of HLF and owes no deposit debt to HLF, is not a proper garnishee in respect of the Petition; and

(h)     whether JPM Chase and JPMC & Co. are entitled to other and further

relief, including an award of attorneys fees and the costs of this

proceeding.

Dated:   New York, New York
         August 4, 2005

                                DAVIS POLK & WARDWELL

                                By:
                                    James L. Kerr (JK-3900)

                                450 Lexington Avenue
                                New York, New York  10017
                                (212) 450-4552

                                Attorneys for Respondent-Stakeholder
                                and Third-Party Petitioner JPMorgan
                                Chase Bank, N.A. and for Respondent
                                J.P. Morgan Chase & Co.