Sharon L. Schneier (SS 1151)
Min Jung Lee (ML 9513)
DAVIS WRIGHT TREMAINE LLP
1633 Broadway
New York, New York  10019
(212) 489-8230

*Attorneys for Respondent Citibank, N.A.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT NEW YORK

---------------------------------------------------------- x

THE ESTATE OF YARON UNGAR, by and
through its Administrator, David Strachman,
DVIR UNGAR, minor, by his guardians and next
friends, YISHAI UNGAR, minor, by his
guardians and next friends, PROFESSOR MEIR
UNGAR and JUDITH UNGAR, individually and
in their capacity as legal guardians of Petitioners
Dvir and Yishai Ungar, RABBI URI DASBERG
and JUDITH DASBERG, in their capacity as
legal guardians of Petitioners Dvir and Yishai
Ungar, AMICHAI UNGAR, DAFNA UNGAR
and MICHAEL COHEN,

                    Petitioners,

           - against -

MORGAN STANLEY/MORGAN STANLEY
DW, INC., 1221 Avenue of the Americas 4th Fl.
New York, New York 10020, REPUBLIC
BANK OF NEW YORK (HSBC)/HSBC BANK
USA, 425 Fifth Avenue, New York, New York
10022, CHASE BANK OF TEXAS-J.P.
MORGAN CHASE & CO./J.P. MORGAN
CHASE BANK, 270 Park Avenue, New York,
New York 10022, CITIBANK/CITIGROUP,
INC., 425 Park Avenue, New York, New York
10043 and THE HOLY LAND FOUNDATION
FOR RELIEF AND DEVELOPMENT, 345 E.
Railway Avenue, Patterson, New Jersey,

                    Respondents.

Case No. 05-Civ-3710 (RWS)

---------------------------------------------------------- x

RESPONDENT CITIBANK, N.A.'S RESPONSE TO
PETITION PURSUANT TO CPLR 5225 AND 5227

Respondent Citibank, N.A., sued herein as Citibank/Citigroup, Inc.[1], by its undersigned attorneys Davis Wright Tremaine LLP, answer the Petition Pursuant to CPLR §§ 5225 and 5227 ("Petition"), as follows:

<u>NATURE OF PROCEEDINGS AND RELIEF REQUESTED</u>

1.      Admits, upon information and belief based upon information available at the time of filing this Response, that Petitioners obtained a judgment against Hamas-Islamic Resistance Movement (a/k/a Harakat Al-Muqawama Al-Islamiyya) ("HAMAS") in the United States District Court for the District of Rhode Island on February 11, 2004, and denies knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 1.

2.      Denies knowledge or information sufficient to form a belief as to the truth of the factual allegations in Paragraph 2, and states further that the remaining allegations constitute legal conclusions to which no response is required.

3.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3, except admits that the United States Marshall served a writ of execution, dated July 23, 2004, directed to "Citibank" on the offices of Respondent Citibank, N.A. at 425 Park Avenue, New York, New York levying on all the right, title and interest which the said Hamas Islamic Resistance Movement, judgment debtor, has, in any funds, property or assets you may be holding in your possession ...." ; and states further that counsel for the Petitioner directed a Restraining Notice, dated August 3, 2004 to "Citibank" at the offices of Respondent Citibank, N.A. at 425 Park Avenue, New York, New York restraining any property of The Holy Land Foundation ("HLF").

---

[1]  Citibank N.A., which is a stakeholder in this context, is the proper party and Citigroup Inc., which has not been properly named, is not a proper garnishee. *See infra*, ¶¶ 20 and 146.

4.    Admits, upon information and belief based on information available at the time of filing this Response, the allegations in Paragraph 4, except denies knowledge or information sufficient to form a belief as to the truth of the allegations that the Department of Justice filed its application "in order to halt petitioner's enforcement proceedings."

5.    Admits, upon information and belief based upon information available at the time of filing this Response, the allegations in Paragraph 5.

6.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6, except admits, upon information and belief available at the time of filing this Response, that Citibank, N.A. advised Petitioners that it is not able to comply with the writ of execution, and refers to the *ex parte* Post-Indictment Restraining Order issued by the United States District Court of the Northern District of Texas directing Citibank, N.A. to "take no offsets against [any] accounts" subject to the order, and to the Terrorism Sanctions Regulation, 31 C.F.R. Part 595, which requires Citibank, N.A. to maintain said funds as "blocked funds," as well as a letter from the Director of the Office of Foreign Assets Control ("OFAC"), dated September 8, 2004 to Citigroup declining, at this time, to authorize the transfer of "blocked" HLF funds, and respectfully refers this Court to the *ex parte* Post-Indictment Restraining Order (Exhibit G to the Petition), the CFR provision and the September 8, 2004 letter from OFAC (attached hereto as Exhibit 1) for their complete and exact contents.

7.    States that the allegations in Paragraph 7 constitute legal conclusions as to which no response is required.

8.    Admits that Petitioners purport to bring this action pursuant to CPLR §§ 5225 and 5227 for a judgment ordering the respondent banks to transfer all HLF funds held by them to the United States Marshal for turnover to the Petitioners as alleged in Paragraph 8.

## JURISDICTION AND VENUE

9.      Admits that Petitioners purport to invoke the jurisdiction of this Court pursuant to 28 U.S.C. §§ 1331, 1367 and 2201, § 201 of the Terrorism Risk Insurance Act of 2002, Fed.R.Civ.P. 69, CPLR §§ 5225 and 5227, and the Court's ancillary enforcement jurisdiction as alleged in Paragraph 9.

10.     Admits that Petitioners purport to invoke the jurisdiction of this Court pursuant to Fed.R.Civ.P. 4(k) and CPLR §§ 301 and 302 as alleged in Paragraph 10.

11.     Denies knowledge or information sufficient to form a belief as to the truth of the factual allegations in Paragraph 11, and states further that the remaining allegations constitute legal conclusions as to which no response is required.

## THE PARTIES

12.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12.

13.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13.

14.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14.

15.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15.

16.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16.

17.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17.

18.     Denies knowledge or information sufficient to form a belief as to the truth

of the allegations in Paragraph 18.

19.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19.

20.    Admits that Citibank, N.A., sued herein as Citibank/Citigroup Inc., is a national bank organized under the laws of the United States and doing business in New York, and further states that Citibank, N.A. has offices at 399 Park Avenue, New York, New York, and that it is indirectly wholly-owned by Citigroup Inc.

21.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21.

STATEMENT OF FACTS

a.    Petitioners' Judgment

22.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22.

23.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23.

24.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 24.

25.    States that the allegations set forth in Paragraph 25 constitute legal conclusions as to which no response is required, and respectfully refers this Court to the Antiterrorism Act, 18 U.S.C. § 2331, et seq. referenced in Paragraph 25 for the complete and exact content thereof.

26.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 26 and footnote 1.

27.    Denies knowledge or information sufficient to form a belief as to the truth

of the allegations in Paragraph 27.

28.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 28, and respectfully refers this Court to the opinion referenced in Paragraph 28 for the complete and exact content thereof.

29.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 29, and respectfully refers this Court to the Report and Recommendation referenced in Paragraph 29 for the complete and exact content thereof.

30.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 30, and respectfully refers this Court to the Report and Recommendation referenced in Paragraph 30 for the complete and exact content thereof.

31.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 31, except admits upon information and belief based upon information available at the time of filing this Response, that Petitioner obtained a Judgment against HAMAS in the United States District Court for the District of Rhode Island, and respectfully refers this Court to the opinion referenced in Paragraph 31 for the complete and exact content thereof.

32.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 32, and respectfully refers this Court to the Memorandum and Order referenced in Paragraph 32 for the complete and exact content thereof.

33.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 33.

b.    HAMAS and HAMAS' Agencies and Instrumentalities

34.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 34.

35.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 35.

36.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 36.

37.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 37.

38.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 38.

39.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 39.

40.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 40.

c.      The Blocking of Assets Belonging to HAMAS and
        HAMAS' Agencies and Instrumentalities in the United States

41.     States that the allegations in Paragraph 41 constitute legal conclusions as to which no response is required, and respectfully refers this Court to the International Emergency Economic Powers Act, 50 U.S.C. § 1701, et seq. ("IEEPA") referenced in Paragraph 41 for the complete and exact contents thereof.

42.     States that the allegations in Paragraph 42 constitute legal conclusions as to which no response is required, and respectfully refers this Court to the Executive Order referenced in Paragraph 42 for the complete and exact content thereof.

43.     States that the allegations in Paragraph 43 constitute legal conclusions as to which no response is required, and respectfully refers this Court to the Executive Order referenced in Paragraph 43 for the complete and exact content thereof.

44.    States that the allegations in Paragraph 44 constitute legal conclusions as to which no response is required, and respectfully refers this Court to the Executive Order, opinion and Blocking Notice referenced in Paragraph 44 for their complete and exact contents.

45.    States that the allegations in Paragraph 45 constitute legal conclusions as to which no response is required, and respectfully refers this Court to the opinion referenced in Paragraph 45 for the complete and exact content thereof.

d.    The Effect of Blocking under IEEPA

46.    States that the allegations in Paragraph 46 constitute legal conclusions as to which no response is required, and respectfully refers this Court to the Executive Orders referenced in Paragraph 46 for their complete and exact contents.

47.    States that the allegations in Paragraph 47 constitute legal conclusions as to which no response is required, and respectfully refers this Court to the CFR provisions referenced in Paragraph 47 for their complete and exact contents.

48.    States that the allegations in Paragraph 48 constitute legal conclusions as to which no response is required, and respectfully refers this Court to the CFR provisions referenced in Paragraph 48 for their complete and exact contents.

49.    States that the allegations in Paragraph 49 constitute legal conclusions as to which no response is required, and respectfully refers this Court to the CFR provisions referenced in Paragraph 49 for their complete and exact contents.

e.    The Terrorism Risk Insurance Act of 2002 Subjects
the Blocked Assets of the HLF to Execution in
Satisfaction of Plaintiffs' Judgment Against HAMAS

50.    States that the allegations in Paragraph 50 constitute legal conclusions as to which no response is required, and respectfully refers this Court to the Terrorism Risk Insurance Act of 2002 ("TRIA") referenced in Paragraph 50 for the complete and exact content

thereof.

51.    States that the allegations in Paragraph 51 constitute legal conclusions as to which no response is required, and respectfully refers this Court to the provision of TRIA referenced in Paragraph 51 for the complete and exact content thereof.

52.    States that the allegations in Paragraph 52 constitute legal conclusions as to which no response is required, and respectfully refers this Court to the opinion referenced in Paragraph 52 for the complete and exact content thereof.

53.    States that the allegations in Paragraph 53 constitute legal conclusions as to which no response is required, and respectfully refers this Court to the provision of TRIA referenced in Paragraph 53 for the complete and exact content thereof.

54.    States that the allegations in Paragraph 54 constitute legal conclusions as to which no response is required, and respectfully refers this Court to the opinion and the provision of TRIA referenced in Paragraph 54 for their complete and exact contents.

55.    Denies knowledge or information sufficient to form a belief as to the truth of the factual allegations in Paragraph 55 and footnotes 2 through 4, and states further that the remaining allegations constitute legal conclusions as to which no response is required.

56.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 56 and footnote 5, and respectfully refers this Court to the opinion referenced in Paragraph 56 for the complete and exact content thereof.

57.    States that the allegations in Paragraph 57 constitute legal conclusions as to which no response is required, and respectfully refers this Court to the opinion referenced in Paragraph 57 for the complete and exact content thereof.

58.    States that the allegations in Paragraph 58 constitute legal conclusions as

to which no response is required.

        59.     States that the allegations in Paragraph 59 constitute legal conclusions as to which no response is required.

        60.     States that the allegations in Paragraph 60 constitute legal conclusions as to which no response is required.

        f.     The Ungars' Enforcement Proceedings Under TRIA

        61.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 61.

        62.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 62.

        63.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 63.

        64.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 64.

        65.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 65.

        66.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 66.

        67.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 67.

        68.     Denies knowledge or information sufficient to form a belief as to the truth of the factual allegations in Paragraph 68, and respectfully refers this Court to the Order signed by the Honorable Richard C. Casey for the complete and exact content thereof.

        69.     Denies knowledge or information sufficient to form a belief as to the truth

of the allegations in Paragraph 69.

70.    States that the allegations in Paragraph 70 constitute legal conclusions as to which no response is required, and respectfully refers this Court to the provisions of TRIA and IEEPA referenced in Paragraph 70 for their complete and exact contents.

71.    States that the allegations in Paragraph 71 constitute legal conclusions as to which no response is required, and respectfully refers this Court to TRIA and the opinions referenced in Paragraph 71 for their complete and exact contents.

72.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 72, and respectfully refers this Court to the notice referenced in Paragraph 72 for the complete and exact content thereof.

73.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 73, and respectfully refers this Court to the docket of the opinion referenced in Paragraph 73 for the complete and exact content thereof.

g.    The Government's Criminal and Forfeiture Proceedings Against HLF

74.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 74.

75.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 75, and respectfully refers this Court to the court dockets referenced in Paragraph 75 for their complete and exact contents.

76.    Denies knowledge or information sufficient to form a belief as to the truth of the factual allegations in Paragraph 76, states further that the remaining allegations constitute legal conclusions as to which no response is required, and respectfully refers this Court to the Directive License referenced in Paragraph 76 for the complete and exact content thereof.

77.    Denies knowledge or information sufficient to form a belief as to the truth

of the allegations in Paragraph 77, and respectfully refers this Court to the court docket referenced in Paragraph 77 for the complete and exact content thereof.

78.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 78.

79.     Denies knowledge or information sufficient to form a belief as to the factual allegations in Paragraph 79 and footnote 6, states further that the remaining allegations constitute legal conclusions as to which no response is required, and respectfully refers this Court to the CFR provisions referenced in Paragraph 79 for their complete and exact contents.

80.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 80, and respectfully refers this Court to the OFAC license referenced in Paragraph 80 for the complete and exact content thereof.

81.     States that the allegations in Paragraph 81 constitute legal conclusions as to which no response is required.

82.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 82.

83.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 83, except admits, upon information and belief available at the time of filing this Response, that the United States Attorney for the Northern District of Texas filed an *ex parte* Application, and respectfully refers this Court to the *ex parte* Application referenced in Paragraph 83 for the complete and exact content thereof.

84.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 84, and respectfully refers this Court to the *ex parte* Application referenced in Paragraph 84 for the complete and exact content thereof.

85.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 85, and respectfully refers this Court to the *ex parte* Application referenced in Paragraph 85 for the complete and exact content thereof.

86.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 86.

87.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 87, except admits, upon information and belief available at the time of filing this Response, that the court issued a Restraining Order, and respectfully refers this Court to the *ex parte* Application referenced in Paragraph 87 for the complete and exact content thereof.

h.    The Respondent Banks' Response to the Restraining Order

88.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 88, except admits, upon information and belief available at the time of filing this Response, that Citibank, N.A. advised Petitioners that it is not able to comply with the writ of execution, and refers to the *ex parte* Post-Indictment Restraining Order issued by the United States District Court of the Northern District of Texas directing Citibank, N.A. to "take no offsets against [any] accounts" subject to the order, and Terrorism Sanctions Regulation, 31 C.F.R. Part 595, which requires Citibank, N.A. to maintain said funds as "blocked funds," as well as a letter from the Director of OFAC, dated September 8, 2004 to Citigroup declining, at this time, to authorize the transfer of "blocked" HLF funds, and respectfully refers this Court to the *ex parte* Post-Indictment Restraining Order (Exhibit G to the Petition), the CFR provision and the September 8, 2004 letter from OFAC (attached hereto as Exhibit 1) for their complete and exact contents.

    i.    The Ungars' Appeal

89.    States that the allegations in Paragraph 89 constitute legal conclusions as to which no response is required.

90.    States that the allegations in Paragraph 90 constitute legal conclusions as to which no response is required.

91.    States that the allegations in Paragraph 91 constitute legal conclusions as to which no response is required, and respectfully refers this Court to the opinion referenced in Paragraph 91 for the complete and exact content thereof.

92.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 92.

93.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 93.

94.    Denies knowledge or information sufficient to form a belief as to the truth of the factual allegations in Paragraph 94, and states further that the remaining allegations constitute legal conclusions to which no response is required.

95.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 95.

96.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 96.

### AS TO THE ALLEGATIONS THAT THE RESTRAINING ORDER IS VOID AND/OR INEFFECTIVE TO PREVENT PETITIONERS' ENFORCEMENT PROCEEDINGS UNDER § 201 OF TRIA

97.    Denies knowledge or information sufficient to form a belief as to the truth of the factual allegations in Paragraph 97 and footnote 7, and states further that the remaining allegations constitute legal conclusions as to which no response is required.

a.　　As to the Allegations that the Blocked HLF Funds Were in the Custody of This Court (*in custodia legis*) at the Time That the Restraining Order Was Issued and the Dallas District Court Therefore Lacked Jurisdiction to Issue the Restraining Order

98.　　States that the allegations in Paragraph 98 constitute legal conclusions as to which no response is required, and respectfully refers this Court to the opinion referenced in Paragraph 98 for the complete and exact content thereof.

99.　　States that the allegations in Paragraph 99 constitute legal conclusions as to which no response is required, and respectfully refers this Court to the opinions referenced in Paragraph 99 for their complete and exact contents.

100.　　States that the allegations in Paragraph 100 constitute legal conclusions as to which no response is required, and respectfully refers this Court to the opinion referenced in Paragraph 100 for the complete and exact content thereof.

101.　　States that the allegations in Paragraph 101 constitute legal conclusions as to which no response is required.

102.　　Denies the allegations set forth in Paragraph 102, except admits that the United States Marshall served a writ of execution, dated July 23, 2004, directed to "Citibank" on the offices of Respondent Citibank, N.A. at 425 Park Avenue, New York, New York levying on all the right, title and interest which the said Hamas Islamic Resistance Movement, judgment debtor, has, in any funds, property or assets you may be holding in your possession ...."; and denies knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 102.

103.　　States that the allegations in Paragraph 103 constitute legal conclusions as to which no response is required, and respectfully refers this Court to the opinions referenced in Paragraph 103 for their complete and exact contents.

104.    States that the allegations in Paragraph 104 constitute legal conclusions as to which no response is required, and respectfully refers this Court to the opinion referenced in Paragraph 104 for the complete and exact content thereof.

105.    States that the allegations in Paragraph 105 constitute legal conclusions as to which no response is required, and respectfully refers this Court to the opinion referenced in Paragraph 105 for the complete and exact content thereof.

106.    Denies knowledge or information sufficient to form a belief as to the truth of the factual allegations in Paragraph 106 and footnote 8, and states further that the remaining allegations constitute legal conclusions as to which no response is required.

107.    States that the allegations in Paragraph 107 constitute legal conclusions as to which no response is required, and respectfully refers this Court to the opinion referenced in Paragraph 107 for the complete and exact content thereof.

108.    States that the allegations in Paragraph 108 constitute legal conclusions as to which no response is required.

109.    States that the allegations in Paragraph 109 constitute legal conclusions as to which no response is required, and respectfully refers this Court to the opinion referenced in Paragraph 109 for the complete and exact content thereof.

110.    States that the allegations in Paragraph 110 constitute legal conclusions as to which no response is required, and respectfully refers this Court to the opinion referenced in Paragraph 110 for the complete and exact content thereof.

111.    States that the allegations in Paragraph 111 constitute legal conclusions as to which no response is required.

b.      As to the Allegations that Section 201 of TRIA Permits Execution Against the Blocked HLF Funds Notwithstanding the

> Government's Forfeiture Proceedings, and the Restraining Order
> is Therefore Void and/or Ineffective to the Extent it Purports to
> <u>Prevent Enforcement Proceedings Pursuant to TRIA</u>

112.    States that the allegations in Paragraph 112 constitute legal conclusions as to which no response is required.

113.    States that the allegations in Paragraph 113 constitute legal conclusions as to which no response is required, and respectfully refers this Court to the opinion referenced in Paragraph 113 for the complete and exact content thereof.

114.    States that the allegations in Paragraph 114 constitute legal conclusions as to which no response is required, and respectfully refers this Court to the opinion referenced in Paragraph 114 for the complete and exact content thereof.

115.    States that the allegations in Paragraph 115 and footnote 9 constitute legal conclusions as to which no response is required, and respectfully refers this Court to the opinion referenced in Paragraph 115 for the complete and exact content thereof.

116.    States that the allegations in Paragraph 116 constitute legal conclusions as to which no response is required.

117.    States that the allegations in Paragraph 117 constitute legal conclusions as to which no response is required, and respectfully refers this Court to the opinion referenced in Paragraph 117 for the complete and exact content thereof.

118.    States that the allegations in Paragraph 118 constitute legal conclusions as to which no response is required, and respectfully refers this Court to the opinion referenced in Paragraph 118 for the complete and exact content thereof.

119.    States that the allegations in Paragraph 119 constitute legal conclusions as to which no response is required, and respectfully refers this Court to the opinion referenced in Paragraph 119 for the complete and exact content thereof.

120.     States that the allegations in Paragraph 120 constitute legal conclusions as to which no response is required, and respectfully refers this Court to the opinion referenced in Paragraph 120 for the complete and exact content thereof.

121.     States that the allegations in Paragraph 121 constitute legal conclusions as to which no response is required.

122.     States that the allegations in Paragraph 122 constitute legal conclusions as to which no response is required.

123.     States that the allegations in Paragraph 123 and footnote 10 constitute legal conclusions as to which no response is required, and respectfully refers this Court to the opinion referenced in Paragraph 123 for the complete and exact content thereof.

124.     States that the allegations in Paragraph 124 constitute legal conclusions as to which no response is required.

125.     States that the allegations in Paragraph 125 constitute legal conclusions as to which no response is required.

126.     States that the allegations in Paragraph 126 constitute legal conclusions as to which no response is required.

127.     States that the allegations in Paragraph 127 constitute legal conclusions as to which no response is required, and respectfully refers this Court to the House Report referenced in Paragraph 127 for the complete and exact content thereof.

128.     States that the allegations in Paragraph 128 constitute legal conclusions as to which no response is required, and respectfully refers this Court to the opinions referenced in Paragraph 98 for their complete and exact contents.

129.     States that the allegations in Paragraph 129 constitute legal conclusions as

to which no response is required, and respectfully refers this Court to the statute referenced in

Paragraph 129 for the complete and exact content thereof.

130.    States that the allegations in Paragraph 130 constitute legal conclusions as

to which no response is required, and respectfully refers this Court to the opinion referenced in

Paragraph 130 for the complete and exact content thereof.

131.    States that the allegations in Paragraph 131 constitute legal conclusions as

to which no response is required, and respectfully refers this Court to the opinion referenced in

Paragraph 131 for the complete and exact content thereof.

132.    States that the allegations in Paragraph 132 constitute legal conclusions as

to which no response is required.

133.    States that the allegations in Paragraph 133 constitute legal conclusions as

to which no response is required, and respectfully refers this Court to the opinions referenced in

Paragraph 133 for their complete and exact contents.

134.    States that the allegations in Paragraph 134 constitute legal conclusions as

to which no response is required.

135.    States that the allegations in Paragraph 135 constitute legal conclusions as

to which no response is required.

      c.    As to the Allegations that the Restraining Order Was
          Given in Violation of Rule 65 of the Federal Rules of
          Civil Procedure and the Fifth Amendment and In any
          Case Has Expired by Operation of Rule 65

136.    Denies knowledge or information sufficient to form a belief as to the truth

of the allegations in Paragraph 136.

137.    States that the allegations in Paragraph 137 constitute legal conclusions as

to which no response is required, and respectfully refers this Court to the opinion referenced in

Paragraph 137 for the complete and exact content thereof.

138.    States that the allegations in Paragraph 138 constitute legal conclusions as to which no response is required, and respectfully refers this Court to the opinion referenced in Paragraph 138 for the complete and exact content thereof.

139.    Denies knowledge or information sufficient to form a belief as to the truth of the factual allegations in Paragraph 139, and states further that the remaining allegations constitute legal conclusions as to which no response is required.

140.    Denies knowledge or information sufficient to form a belief as to the truth of the factual allegations in Paragraph 140, states further that the remaining allegations constitute legal conclusions as to which no response is required, and respectfully refers this Court to the opinion referenced in Paragraph 140 for their complete and exact contents.

141.    States that the allegations in Paragraph 141 constitute legal conclusions as to which no response is required, and respectfully refers this Court to the opinions referenced in Paragraph 141 for their complete and exact contents.

142.    States that the allegations set forth in Paragraph 142 constitute legal conclusions as to which no response is required.

143.    States that the allegations set forth in Paragraph 143 constitute legal conclusions as to which no response is required.

COUNT I
BY ALL PETITIONERS AGAINST ALL RESPONDENTS
TURNOVER

144.    Repeats and realleges the responses contained in Paragraphs 1 through 143 of this Response with the same force and effect as if fully set forth herein.

145.    States that the allegations set forth in Paragraph 145 constitute legal

conclusions as to which no response is required.

146.    Admits that a sub-escrow account (#15118754) in the name of The Holy Land Foundation for Relief and Development ("HLF") was maintained at Citibank FSB until it was closed in December 2002, and states further that the funds in that account have been transferred to, and are currently maintained in, a Citibank, N.A. account in New York, New York for funds that are blocked pursuant to the Terrorism Sanctions Regulation, 31 C.F.R. Part 595.

147.    Admits that the United States Marshall served a writ of execution, dated July 23, 2004, directed to "Citibank" on the offices of Respondent Citibank, N.A. at 425 Park Avenue, New York, New York levying on all the right, title and interest which the said Hamas Islamic Resistance Movement, judgment debtor, has, in any funds, property or assets you may be holding in your possession ...."; and denies knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 147.

148.    Admits that Citibank, N.A. is not able to comply with the writ of execution at this time because of the *ex parte* Post-Indictment Restraining Order issued by the United States District Court of the Northern District of Texas directing Citibank, N.A. to "take no offsets against [any] accounts" subject to the order, and the Terrorism Sanctions Regulation, 31 C.F.R. Part 595, which requires Citibank, N.A. to maintain said funds as "blocked funds," as well as the letter from the Director of OFAC, dated September 8, 2004, to Citigroup declining, at this time, to authorize the transfer of "blocked" HLF funds, and respectfully refers this Court to the *ex parte* Post-Indictment Restraining Order (Exhibit G to the Petition), the CFR provision and the September 8, 2004 letter from OFAC (attached hereto as Exhibit 1) for their complete and exact contents.

149.    States that the allegations set forth in Paragraph 149 constitute legal

conclusions as to which no response is required.

150.    Denies the allegations in Paragraph 150.

151.    States that the allegations set forth in Paragraph 151 constitute legal conclusions as to which no response is required.

## AFFIRMATIVE DEFENSES

Without assuming the burden of proof or the burden of persuasion on any matters where the burden rests on Petitioners, Citibank, N.A. asserts the following affirmative and other defenses with respect to the Petition.

## FOR ITS FIRST AFFIRMATIVE DEFENSE

152.    Pursuant to Executive Order 12947 and Executive Order 13224 (as amended) and pursuant to the Regulations and designations issued by OFAC thereunder, including the directive of the Director of OFAC, Citibank, N.A. is and has been prohibited from transferring any assets held in which HLF has an interest, except pursuant to a license issued by OFAC. OFAC has denied Citibank, N.A. a license at this time pending a Court determination that Petitioners can satisfy their judgment against HAMAS by attaching blocked assets in which HLF has an interest. *See* Exhibit 1.

## FOR ITS SECOND AFFIRMATIVE DEFENSE

153.    Petitioners have failed to properly serve or name as parties to these proceedings all interested or necessary parties, including other persons who have or may have claims in the blocked HLF funds, including, upon information and belief based upon information available at the time of filing this Response, the following:

(a)    The United States of America, which has prohibited transfer of any blocked deposits standing to the credit of HLF pursuant to Executive Orders 12947 and 13224, both as amended, and pursuant to the OFAC

Regulations and designations issued thereunder, and which has also

obtained an *ex parte* Post-Indictment Restraining Order with respect to

said funds; and

(b)     Stanley Boim, individually as Administrator of the Estate of David Boim,

and Joyce Boim (the "Boim Estate"), who have obtained a judgment

against defendants, including the HLF, in the amount of $156,000,000,

plus costs and interest, which was entered on February 25, 2005. *See*

*Boim, et al. v. Quranic Literary Institute, et al.*, No. 00 C 2905, Docket

No. 690. A copy of the Judgment is attached hereto as Exhibit 2. The

Boim Estate has received a Certification of Judgment for Registration in

Another District from the Clerk of the United Sates District Court. *See*

Exhibit 3.

FOR ITS THIRD AFFIRMATIVE DEFENSE

154.    The relief sought herein may be moot, in whole or in part, by the pending

appeal from the *ex parte* Post-Indictment Restraining Order before the United States Court of

Appeals for the Fifth Circuit, entitled *United States of America v. Holy Land Foundation for

Relief and Development, et al.*, 04-11282. Upon information and belief based upon information

available at the time of filing this Response, the appeal is fully briefed.

FOR ITS FOURTH AFFIRMATIVE DEFENSE

155.    The turnover relief sought by the Petitioners is or may be barred, in whole

or in part by the *ex parte* Post-Indictment Restraining Order and the pending appeal therefrom.

FOR ITS FIFTH AFFIRMATIVE DEFENSE

156.    The writ of execution which Petitioners seek to enforce pursuant to CPLR

§§ 5225 and 5227 expired when it was not renewed by further order of the Court within sixty

(60) days after levy.

## FOR ITS SIXTH AFFIRMATIVE DEFENSE

157.    No proof of service on the judgment debtor (HLF), as required by CPLR §§ 5225(a) and 5227, has been filed with the Court.

## FOR ITS SEVENTH AFFIRMATIVE DEFENSE

158.    Petitioners must demonstrate that the HLF is an "agency or instrumentality" of a terrorist party within the meaning of TRIA, and that under applicable law HLF is liable for the debts of HAMAS.

## FOR ITS EIGHTH AFFIRMATIVE DEFENSE

159.    The Petition fails to state a claim upon which relief can be granted for the reason, among others, that Citibank, N.A. does not hold any property in the name of, or owes a deposit or other debt to, judgment debtor HAMAS within the meaning of CPLR § 5201 or Section 134 of the Banking Law of the State of New York.

WHEREFORE, Respondent Citibank, N.A. respectfully requests that the Court enter judgment determining whether an order of execution or turnover should be issued in respect of the blocked HLF deposits held by Citibank, N.A., and if the Court does order execution or turnover, determine in its order:

   (a)    the precise amount of property or deposit debt, if any, to be turned over pursuant to any execution or other turnover order, and to whom the turnover is granted;

   (b)    whether, as to each judgment in respect of which execution or turnover is ordered, (i) HLF be regarded as the "agency or instrumentality" of a terrorist party on a claim based on an act of terrorism within the meaning

of TRIA; or (ii) the judgment is based on a claim in respect of an act for

which a terrorist party is not immune under 28 U.S.C. § 1605(a)(7);

(c)    whether, to the extent that Citibank, N.A. is ordered to turn over any

amount representing a deposit debt owed to HLF, Citibank, N.A. is

discharged from any and all obligations or liabilities to HLF, as a

judgment debtor within the meaning of CPLR § 5209, or to any other

person to the full extent of the payment; and

(d)    whether Citibank, N.A. is entitled to other and further relief, including an

award of attorneys' fees and the costs of this proceeding.

Dated: New York, New York
      August 15, 2005

                  DAVIS WRIGHT TREMAINE LLP

                  By: _____
                     Sharon L. Schneier (SS 1151)
                     Min Jung Lee (ML 9513)
                     1633 Broadway
                     New York, New York 10019
                     (212) 489-8230

                  *Attorneys for Respondent Citibank, N.A.*

## CERTIFICATE OF SERVICE

I, Min Jung Lee, hereby certify that on the 15th day of August, 2005, I caused to be served

by first class mail, a true and correct copy of the accompanying Response to Petition Pursuant to

CPLR 5225 and 5227 upon the following:

David J. Strachman, Esq.
McIntyere, Tate, Lynch & Holt
321 South Main Street
Suite 400
Providence, RI 02903
*Attorneys for Plaintiffs*

Lee Squitieri, Esq.
32 East 57th Street
12th Floor
New York, NY 10022
*Attorneys for Plaintiffs*

James L. Kerr, Esq.
Davis Polk & Wardwell
450 Lexington Avenue
New York, NY 10017
*Attorneys for Respondent-Stakeholder*
*and Third-Party Petitioner*
*JP Morgan Chase Bank, N.A. and*
*Respondent J.P. Morgan Chase & Co.*

_____
MIN JUNG LEE

EXHIBIT 1



## DEPARTMENT OF THE TREASURY
### WASHINGTON, D.C. 20220

Ms. Serena D. Moe
Senior Compliance Counsel,
Global Compliance
Citigroup Inc.
425 Park Avenue
New York, NY 10043

SEP    8 2004

VIA FACSIMILE (212) 793-6324

Re: *Ungar v. Hamas-Islamic Resistance Movement*, Case No. M18302 (S.D.N.Y.)

Dear Ms. Moe:

This letter responds to your letter of August 18, 2004 regarding a writ of execution issued to Citigroup Inc. in the above-referenced case, levying on blocked account funds in which Holy Land Foundation ("HLF") has an interest. You inquire whether Citigroup Inc. requires a license from the Department of the Treasury's Office of Foreign Assets Control ("OFAC") to transfer the blocked HLF funds as required under the writ.

Section 201(a) of the Terrorism Risk Insurance Act of 2002, Public Law 107-297 ("TRIA"), allows holders of a terrorism-related judgment to commence proceedings to attach or execute against blocked assets of a defendant terrorist party or its agencies or instrumentalities in their attempts to satisfy that judgment. Therefore, judgment holders generally do not require OFAC authorization to begin legal proceedings to attach or execute against blocked assets pursuant to section 201(a) of the TRIA. There are exceptions for blocked assets not falling within the TRIA's definition of blocked property and for assets covered by exceptions set forth in section 201 of the TRIA.

OFAC currently takes no position on whether the plaintiffs may satisfy their judgments against Hamas by attaching blocked assets in which HLF has an interest, but instead presumes that that question will be resolved by the appropriate court. Should a court properly determine that assets held by Citigroup Inc. are to be turned over to these plaintiffs pursuant to the TRIA, OFAC will determine at that time whether it is appropriate to issue a license authorizing such a transaction.

Very truly yours,

R. Richard Newcomb
Director
Office of Foreign Assets Control

TOTAL P.02

EXHIBIT 2

AO 450(Rev. 5/85)Judgment in a Civil Case

# United States District Court
## Northern District of Illinois
### Eastern Division

David Boim                                **JUDGMENT IN A CIVIL CASE**

      v.                                      Case Number: 00 C 2905

Quranic Literacy

■    Jury Verdict. This action came before the Court for a trial by jury. The issues have been tried and the jury rendered its verdict.

☐    Decision by Court. This action came to trial or hearing before the Court. The issues have been tried or heard and a decision has been rendered.

IT IS HEREBY ORDERED AND ADJUDGED that   Jury returns verdict in favor of Plaintiffs and against the defendants Quaranic Literacy Institute, Holy Land Foundation for Relief and Development, Islamic Association for Palestine, American Muslim Society and Muhammed Abdul Hamid Khalil Salah in the amount of $52,000,000 (fifty-two million dollars). The Court hereby triples the amount of the jury verdict to One Hundred Fifty Six Million Dollars ($156,000,000) plus the reasonable  attorneys fees and costs of this action.

**DOCKETED**

DEC 1 0 2004

Michael W. Dobbins, Clerk of Court

Date: 12/8/2004

Alicia Castillo, Deputy Clerk

Order Form (01/2005)



## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Arlander Keys | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 2905 | **DATE** | 2/18/2005 |
| **CASE TITLE** | Stanley Boim and Joyce Boim vs. Quranic Literacy Institute et al. | | |

**DOCKET ENTRY TEXT:**

The Judgment entered herein on December 8, 2004 is hereby amended to read as follows:

IT IS HEREBY ORDERED AND ADJUDGED that judgment is entered in favor of Plaintiffs and against the Defendants Quranic Literacy Institute, Holy Land Foundation for Relief and Development, Islamic Association for Palestine, American Muslim Society, Amjad Hinawi, and Muhammed Abdul Hamid Khalil Salah in the amount of One Hundred and Fifty Six Million Dollars ($156,000,000.00). Defendants are jointly and severally liable to Plaintiffs for the amount of the damage award. This is a final and appealable Order. *AK*

Notices mailed by judge's staff.

| | Courtroom Deputy Initials: | FT |
|---|---|---|

Order Form (01/2005)

## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Arlander Keys | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 2905 | **DATE** | 2/25/2005 |
| **CASE TITLE** | Boim vs. Quranic Literacy et al. | | |

**DOCKET ENTRY TEXT:**

Plaintiffs' Motion to Amend Final Judgment is granted. The Amended Final Judgment issued herein on 2/18/05 is hereby further amended to reflect that final judgment is also entered against Defaulting Defendants American Middle Eastern League for Palestine ("AMELP") and the United Association for Studies and Research ('UASR'). Said Defendants are jointly and severally liable to Plaintiffs, along with the other Defendants named in the Amended Final Judgment, in the amount of One Hundred and Fifty Six Million Dollars ($156,000,000.00). *AK*

Notices mailed by Chambers Staff

| | Courtroom Deputy Initials: | FT/*Seuy* |
|---|---|---|

EXHIBIT 3

MAR 0 7 2005

*13M1302*

UNITED STATES DISTRICT COURT
EVERETT McKINLEY DIRKSEN BUILDING
UNITED STATES COURT HOUSE
CHICAGO, IL 60604

MICHAEL W. DOBBINS
CLERK

OFFICE OF THE CLERK

Stanley Boim and Joyce Boim,

v.

Quranic Literacy Institute et al,

Case No.: 00 C 2905

## CERTIFICATION OF JUDGMENT
## FOR REGISTRATION IN
## ANOTHER DISTRICT

I, Michael W. Dobbins, Clerk of this United States District Court certify that the
attached judgment is a true and correct copy of the original judgment entered in
this action on 2/25/2005, as it appears in the records of this court, and that, no
notice of appeal from this judgment has been filed, and any motions of the kinds
listed in Rule 4(a) of the Federal Rules of Appellate Procedure has not been filed.

IN TESTIMONY WHEREOF, I sign my name and affix the seal of this Court on
February 25, 2005.

Michael W. Dobbins
Court Administrator

By: Roberto A. Perez
Deputy Clerk

The motions listed in Rule 4(a) of the Federal Rules of Appellate Procedure are motions: for judgment notwithstanding the verdict; to
amend or make additional findings of fact; to alter or amend the judgment; for a new trial; and for an extension of time for filing a
notice of appeal.



CERTIFIED COPY (Rev. 7/93)

United States District Court
Northern District of Illinois
Eastern Division

I, Michael W. Dobbins, Clerk of the United States District Court for the Northern District of Illinois, do hereby attest and certify that the annexed document(s) is (are) a full, true and correct copy of the original(s) on file in my office and in my legal custody.

IN TESTIMONY WHEREOF, I have hereunto subscribed my name and affixed the seal of the aforesaid court at Chicago, Illinois, on

MICHAEL W. DOBBINS, CLERK

By _____
Deputy Clerk

Order Form (01/2005)

# United States District Court, Northern District of Illinois



| Name of Assigned Judge or Magistrate Judge | Arlander Keys | Sitting Judge If Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 00 C 2905 | DATE | 2/18/2005 |
| CASE TITLE | | Boim vs. Quranic Literacy | |

**DOCKET ENTRY TEXT:**

Plaintiffs motion for leave to register judgment in other districts (#684) is granted. At

Docketing to mail notices.

| | | Courtroom Deputy Initials: | AC |
|---|---|---|---|

00C2905 Boim vs. Quranic Literacy

Page 1 of 1

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Arlander Keys | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 2905 | **DATE** | 2/25/2005 |
| **CASE TITLE** | Boim vs. Quranic Literacy et al. | | |

Plaintiffs' Motion to Amend Final Judgment is granted. The Amended Final Judgment issued herein on 2/18/05 is hereby further amended to reflect that final judgment is also entered against Defaulting Defendants American Middle Eastern League for Palestine ("AMELP") and the United Association for Studies and Research ('UASR'). Said Defendants are jointly and severally liable to Plaintiffs, along with the other Defendants named in the Amended Final Judgment, in the amount of One Hundred and Fifty Six Million Dollars ($156,000,000.00). *AK*

Notices mailed by Chambers Staff

| | | Courtroom Deputy Initials: | FT/Sry |
|---|---|---|---|

00C2905 Boim vs. Quranic Literacy et al.

## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Arlander Keys | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 2905 | **DATE** | 2/18/2005 |
| **CASE TITLE** | Stanley Boim and Joyce Boim vs. Quranic Literacy Institute et al. | | |

**DOCKET ENTRY TEXT**

The Judgment entered herein on December 8, 2004 is hereby amended to read as follows:

IT IS HEREBY ORDERED AND ADJUDGED that judgment is entered in favor of Plaintiffs and against the Defendants Quranic Literacy Institute, Holy Land Foundation for Relief and Development, Islamic Association for Palestine, American Muslim Society, Amjad Hinawi, and Muhammed Abdul Hamid Khalil Salah in the amount of One Hundred and Fifty Six Million Dollars ($156,000,000.00). Defendants are jointly and severally liable to Plaintiffs for the amount of the damage award. This is a final and appealable Order. *AK*

Notices mailed by judge's staff.

| | | Courtroom Deputy Initials: | FT |
|---|---|---|---|