UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------- x

THE ESTATE OF YARON UNGAR
by and through its Administrator,
David Strachman,

DVIR UNGAR, minor,
by his guardians and next friends,
YISHAI UNGAR, minor,
by his guardians and next friends,

PROFESSOR MEIR UNGAR,
JUDITH UNGAR, individually and in
their capacity as legal guardians of Petitioners
Dvir and Yishai Ungar,

RABBI URI DASBERG,
JUDITH DASBERG, in their capacity as legal
guardians of Petitioners Dvir and Yishai Ungar,

AMICHAI UNGAR,
DAFNA UNGAR and

MICHAL COHEN,

       Petitioners,

       - against -

MORGAN STANLEY/
MORGAN STANLEY DW, INC.,
REPUBLIC BANK OF NEW YORK (HSBC)/
HSBC BANK USA,
CHASE BANK OF TEXAS-J.P. MORGAN
CHASE & CO./J.P. MORGAN CHASE BANK,
CITIBANK/CITIGROUP, INC., and
THE HOLY LAND FOUNDATION FOR
RELIEF AND DEVELOPMENT,

       Respondents.

-------------------------------------------------------------------- x

05 Civ. 3710 (RWS)

ANSWER

1

```
------------------------------------------------------------------------ x
```

JPMORGAN CHASE BANK, N.A.,

                        Respondent-Stakeholder and
                        Third-Party Petitioner,

      - against -

UNITED STATES OF AMERICA, THE HOLY LAND
FOUNDATION FOR RELIEF AND DEVELOPMENT,
THE ESTATE OF YARON UNGAR, by and through its
Administrator, David Strachman, DVIR UNGAR, minor,
by his guardians and next friends, YISHAI UNGAR,
minor, by his guardians and next friends, PROFESSOR
MEIR UNGAR and JUDITH UNGAR, individually and
in their capacity as legal guardians of Petitioners Dvir
and Yishai Ungar, RABBI URI DASBERG and
JUDITH DASBERG, in their capacity as legal
guardians of Petitioners Dvir and Yishai Ungar,
AMICHAI UNGAR, DAFNA UNGAR and MICHAL
COHEN,

                        Third-Party Respondents-
                        Adverse Claimants.

```
------------------------------------------------------------------------ x
```

      Respondents Morgan Stanley ("Morgan Stanley") and Morgan Stanley DW, Inc.

("MSDW"), by their attorneys Krebsbach & Snyder, P.C., allege as follows for their

Answer to the Petition herein pursuant to CPLR §§ 5225 and 5227:

      1.      Admit, upon information and belief, that Petitioners obtained a judgment

against Harakat Al-Muqawama Al Islamiyya ("HAMAS") in the United States District

Court for the District of Rhode Island on February 11, 2004, and registered the judgment in

this Court as Judgment No. 04-1032 on June 1, 2004.

      2.      Deny knowledge or information sufficient to form a belief as to the truth of

the factual averments contained in paragraph 2 of the Petition, and state further that the remaining averments contained in paragraph 2 constitute a legal conclusion as to which no response is required.

3.    Deny knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 3 of the Petition, except admit that in early September 2004, a United States Marshal served a writ of execution on the offices of Respondent Morgan Stanley at 1221 Avenue of the Americas, New York, New York, and further admit that MSDW, a wholly owned subsidiary of Morgan Stanley, holds funds in accounts titled in the name of Respondent, The Holy Land Foundation for Relief and Development ("HLF").

4.    Admit, upon information and belief, the averments contained in paragraph 4 of the Petition.

5.    Admit, upon information and belief, the averments contained in paragraph 5 of the Petition, and refer to the restraining order in question for the terms, contents and conditions thereof.  (A true and correct copy of the restraining order is attached hereto as Exhibit A.)

6.    Deny knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 6 of the Petition, except admit that Morgan Stanley, after being placed on notice of the restraining notice, advised the Petitioners that it was unable to comply with the writ of execution, and refer to the restraining order for the terms, contents and conditions thereof.

7.    State that the allegations contained in paragraph 7 of the Petition constitute a legal conclusion as to which no response is required.  If and to the extent that a response is deemed to be required, Morgan Stanley and MSDW deny the remaining averments

relating to them, and deny knowledge or information sufficient to form a belief as to the truth of the allegations relating to other parties.

8.  Admit that Petitioners purport to bring this turnover proceeding pursuant to CPLR §§ 5225 and 5227, and otherwise deny the averments contained in paragraph 8 of the Petition.

## JURISDICTION AND VENUE

9.  Admit that Petitioners purport to ground jurisdiction under various federal statutes, the Federal Rules of Civil Procedure and New York's Civil Practice Law and Rules, as well as the Court's ancillary enforcement jurisdiction.

10. Admit that Petitioners purport to ground jurisdiction over respondents pursuant to Fed.R.Civ.P. 4(k) and CPLR §§ 301 and 302.

11. Deny knowledge or information sufficient to form a belief as to the truth of the factual averments contained in paragraph 11 of the Petition, and state further that the remaining averments contained in paragraph 11 constitute a legal conclusion as to which no response is required.

## THE PARTIES

12. Deny knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 12 of the Petition.

13. Deny knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 13 of the Petition.

14. Deny knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 14 of the Petition.

15. Deny knowledge or information sufficient to form a belief as to the truth of

the averments contained in paragraph 15 of the Petition.

16.    Deny knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 16 of the Petition.

17.    Admit the allegations of paragraph 17 of the Petition.

18.    Deny knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 18 of the Petition.

19.    Deny knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 19 of the Petition.

20.    Deny knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 20 of the Petition.

21.    Deny knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 21 of the Petition.

## STATEMENT OF FACTS

### a.    Petitioners' Judgment

22.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 22 of the Petition.

23.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 23 of the Petition.

24.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 24 of the Petition.

25.    State that the averments contained in paragraph 25 of the Petition constitute a legal conclusion as to which no response is required, and otherwise refer to the Antiterrorism Act, 18 U.S.C. § 2331 et seq., for the terms, contents and conditions thereof.