26.     Deny knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 26 of the Petition, including the footnote to paragraph 26.

27.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 27 of the Petition.

28.     Deny knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 28 of the Petition, except refer to the opinion cited for the contents thereof.

29.     Deny knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 29 of the Petition, except refer to the Report and Recommendation of the Magistrate Judge for the contents thereof.

30.     Deny knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 30 of the Petition, except refer to the Report and Recommendation of the Magistrate Judge for the contents thereof.

31.     Deny knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 31 of the Petition.

32.     Deny knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 32 of the Petition, except refer to the Memorandum and Order for the contents thereof.

33.     Deny knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 33 of the Petition.

b.     **HAMAS and HAMAS' Agencies and Instrumentalities**

34.     Deny knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 34 of the Petition.

35.    Deny knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 35 of the Petition.

36.    Deny knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 36 of the Petition.

37.    Deny knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 37 of the Petition.

38.    Deny knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 38 of the Petition.

39.    Deny knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 39 of the Petition.

40.    Deny knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 40 of the Petition.

c.    **The Blocking of Assets Belonging to HAMAS and HAMAS' Agencies and Instrumentalities in the United States**

41.    State that the averments contained in paragraph 41 of the Petition constitute a legal conclusion as to which no response is required, and otherwise refer to the International Economic Emergency Powers Act, 50 U.S.C. § 1701 et seq. ("IEEPA"), for the terms and contents thereof.

42.    State that the averments contained in paragraph 42 of the Petition constitute a legal conclusion as to which no response is required, and otherwise refer to Executive Order 12947, as amended by Executive Order 13099, 63 Fed. Reg. 45167, and Executive Order No. 13372, 70 Fed. Reg. 8499, for the terms and conditions thereof.

43.    State that the averments contained in paragraph 43 of the Petition constitute a legal conclusion as to which no response is required, but note that Executive Order 13224, as

amended by Executive Order No. 13268, 67 Fed. Reg. 44751, Executive Order No. 13284, 68 Fed. Reg. 4075, and Executive Order No. 13372, 70 Fed. Reg. 8499, was also issued, *inter alia,* pursuant to the United Nations Participation Act, 22 U.S.C. § 287c (the "UNPA"), and otherwise refer to Executive Order 13224, as amended, IEEPA, and the UNPA for the terms and conditions thereof.

44.    State that the averments contained in paragraph 44 of the Petition constitute a legal conclusion as to which no response is required, and otherwise refer to Executive Orders 12947 and 13224, as amended, to the case referred to in paragraph 44, Holy Land Foundation v. Ashcroft, 219 F. Supp.2d 57, 64 (D.D.C. 2002) ("Holy Land v. Ashcroft"), and to the Blocking Notice (the "Blocking Notice") issued by the U.S. Treasury Department's Office of Foreign Assets Control ("OFAC") for the terms and contents thereof.

43.    State that the averments contained in paragraph 45 of the Petition constitute a legal conclusion as to which no response is required, and otherwise refer to the opinions of the District Court and the Court of Appeals in Holy Land Foundation v. Ashcroft for the terms and contents thereof.

d.    **The Effect of Blocking Under IEEPA**

46.    State that the averments contained in paragraph 46 of the Petition constitute a legal conclusion as to which no response is required, and otherwise refer to Executive Orders 12947 and 13224 for the terms and contents thereof.

47.    State that the averments contained in paragraph 47 of the Petition constitute a legal conclusion as to which no response is required, and otherwise refer to the CFR provisions cited for the terms and conditions thereof.

48.    State that the averments contained in paragraph 48 of the Petition constitute

a legal conclusion as to which no response is required, and otherwise refer to the CFR provisions cited for the terms and conditions thereof.

49.    State that the averments contained in paragraph 49 of the Petition constitute a legal conclusion as to which no response is required, and refer to the CFR provisions cited for the terms and conditions thereof.

e.    **As to the Allegations that the Terrorism Risk Insurance Act of 2002 Subjects the Blocked Assets of the HLF to Execution in Satisfaction of Plaintiffs' Judgment Against HAMAS**

50.    State that the averments contained in paragraph 50 of the Petition constitute a legal conclusion as to which no response is required, and otherwise refer to the Terrorism Risk Insurance Act of 2002 (Public Law 107-297; 116 Stat. 2322) ("TRIA") for the terms, contents and conditions thereof.

51.    State that the averments contained in paragraph 51 of the Petition constitute a legal conclusion as to which no response is required, and otherwise refer to TRIA for the terms, contents and conditions thereof.

52.    State that the averments contained in paragraph 52 of the Petition constitute a legal conclusion as to which no response is required, and otherwise refer to the opinion of the U.S. Court of Appeals for the District of Columbia in Hill v. Republic of Iraq, 2003 WL 21057173 (D.D.C. 2003), for the terms and contents thereof.

53.    State that the averments contained in paragraph 53 of the Petition constitute a legal conclusion as to which no response is required, and otherwise refer to TRIA for the terms, contents and conditions thereof

54.    State that the averments contained in paragraph 54 of the Petition constitute a legal conclusion as to which no response is required, and otherwise refer to

TRIA and the opinion in <u>Hill</u> for the terms, contents and conditions thereof.

55.     Deny knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 55 of the Petition, and state further that the remaining averments contained in paragraph 55, including the allegations contained in the footnotes thereto, constitute assertion of legal conclusions as to which no response is required, and otherwise refer to TRIA and Executive Orders 12947 and 13224 for the terms, contents and conditions thereof.

56.     Deny knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 56 of the Petition, including the footnote thereto, except refer to the opinion of the United States District Court for the District of Rhode Island in <u>Ungar v. The Palestinian Authority,</u> 304 F. Supp. 2d 232, 243-79 (D.R.I. 2004), for the terms, contents and conditions thereof.

57.     State that the averments contained in paragraph 57 of the Petition constitute a legal conclusion as to which no response is required, and otherwise refer to the opinion of the U.S. District Court for the District of Northern Illinois in <u>Boim v. Quranic Literacy Institute,</u> 340 F. Supp. 2d 885 (N.D. III. 2004) ("Boim"), for the terms, contents and conditions thereof.

58.     State that the averments contained in paragraph 58 of the Petition constitute a legal conclusion as to which no response is required.

59.     State that the averments contained in paragraph 59 of the Petition constitute a legal conclusion as to which no response is required.

60.     State that the averments contained in paragraph 60 of the Petition constitute a legal conclusion as to which no response is required.