### f.  The Ungars' Enforcement Proceedings Under TRIA

61. Deny knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 61 of the Petition.

62. Deny knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 62 of the Petition.

63. Deny knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 63 of the Petition.

64. Deny knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 64 of the Petition.

65. Deny knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 65 of the Petition.

66. Deny knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 66 of the Petition.

67. Deny knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 67 of the Petition, except refer to the papers filed in this Court for the terms and contents thereof.

68. Deny knowledge or information sufficient to form a belief as to the truth of the factual averments contained in paragraph 68 of the Petition, and further state that the remaining averments contained in paragraph 68 constitute a legal conclusion as to which no response is required, and otherwise refer to the Order signed by Judge Casey for the terms, contents and conditions thereof.

69. Deny knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 69 of the Petition.

70. State that the averments contained in paragraph 70 of the Petition constitute a legal conclusion as to which no response is required, and otherwise refer to TRIA and the IEEPA blocking regime for the terms, contents and conditions thereof.

71. State that the averments contained in paragraph 71 of the Petition constitute a legal conclusion as to which no response is required, and otherwise refer to TRIA and the cases cited in paragraph 71 for the terms and contents thereof.

72. Deny knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 72 of the Petition, except refer to the notice referred to for terms and contents thereof.

73. Deny knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 73 of the Petition.

g. **The Government's Criminal and Forfeiture Proceedings Against HLF**

74. Deny knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 74 of the Petition.

75. Deny knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 75 of the Petition, except refer to the Docket items referred to for the terms and contents thereof.

76. Deny knowledge or information sufficient to form a belief as to the truth of the factual averments contained in paragraph 76 of the Petition, and state that the remaining averments contained in paragraph 76 constitute a legal conclusion as to which no response is required.

77. Deny knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 77 of the Petition, except refer to the Docket of the

case cited in paragraph 77 for the contents thereof.

78. Deny knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 78 of the Petition.

79. State that the averments contained in paragraph 79 of the Petition constitute a legal conclusion as to which no response is required, deny knowledge or information sufficient to form a belief as to the truth of the averments contained in the footnote to paragraph 79, and otherwise refer to the CFR provisions and indictment referred to for the terms, contents and provisions thereof.

80. Deny knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 80 of the Petition, and otherwise refer to the OFAC license referred to for the terms, contents and provisions thereof

81. Deny knowledge or information sufficient to form a belief as to the truth of the factual averments contained in paragraph 81 of the Petition, and state that the remaining averments contained in paragraph 81 of the Petition constitute a legal conclusion as to which no response is required.

82. Deny knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 82 of the Petition, and otherwise refer to the OFAC license referred to for the terms and conditions thereof.

83. Deny knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 83 of the Petition, and otherwise refer to the Docket in U.S.A. v. Holy Land Foundation and to the pleading and proposed order referred to for the terms, contents and conditions thereof.

84. Deny knowledge or information sufficient to form a belief as to the truth of

the averments contained in paragraph 84 of the Petition, and otherwise refer to the Ex Parte Application in question for the contents thereof.

85. Deny knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 85 of the Petition, and otherwise refer to the Ex Parte Application in question for the contents thereof.

86. Deny knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 86 of the Petition, except refer to the Ex Parte Application in question for the contents thereof.

87. Deny knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 87 of the Petition, except refer to the Post-Indictment Restraining Order in question for the term, contents and conditions thereof.

h. **The Respondent Banks' Response to the Restraining Order**

88. Deny knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 88 of the Petition, except admit that upon being placed on notice of the Post-Indictment Restraining Order, Morgan Stanley advised Petitioners that it would be unable to comply with the writ of execution issued by the Court.

i. **The Ungars' Appeal**

89. State that the averments contained in paragraph 89 of the Petition constitute a legal conclusion as to which no response is required.

90. State that the averments contained in paragraph 90 of the Petition constitute a legal conclusion as to which no response is required.

91. State that the averments contained in paragraph 91 of the Petition constitute

a legal conclusion as to which no response is required, and otherwise refer to the opinion of the United States Court of Appeals for the Fifth Circuit for the contents thereof.

92. Deny knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 92 of the Petition.

93. Deny knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 93 of the Petition, and otherwise refer to the briefs submitted by the U.S. Department of Justice for the contents thereof

94. Deny knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 94 of the Petition.

95. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 95 of the Petition.

96. Deny knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 96 of the Petition.

### AS TO THE ALLEGATIONS THAT THE RESTRAINING ORDER IS VOID AND/OR INEFFECTIVE TO PREVENT PETITIONERS' ENFORCEMENT PROCEEDINGS UNDER § 201 OF TRIA

97. State that the averments contained in paragraph 97 of the Petition constitute a legal conclusion as to which no response is required, and deny knowledge or information sufficient to form a belief as to the averments contained in the footnote to paragraph 97.

   a. **As to the Allegations that the Blocked HLF Funds Were in the Custody of This Court *(in custodia legis)* at the Time That the Restraining Order was Issued and the Dallas District Court Therefore Lacked Jurisdiction to Issue the Restraining Order**

98. State that the averments contained in paragraph 98 of the Petition constitute a legal conclusion as to which no response is required.

99. State that the averments contained in paragraph 99 of the Petition constitute a legal conclusion as to which no response is required.

100. State that the averments contained in paragraph 100 of the Petition constitute a legal conclusion as to which no response is required.

101. State that the averments contained in paragraph 101 of the Petition constitute a legal conclusion as to which no response is required.

102. Deny knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 102 of the Petition, except admit that on or about the referenced dates, the U.S. Marshall delivered the referenced writ of execution to Morgan Stanley.

103. State that the averments contained in paragraph 103 of the Petition constitute a legal conclusion as to which no response is required.

104. State that the averments contained in paragraph 104 of the Petition constitute a legal conclusion as to which no response is required.

105. State that the averments contained in paragraph 105 of the Petition constitute a legal conclusion as to which no response is required.

106. State that the averments contained in paragraph 106 of the Petition, including the footnote thereto, constitute a legal conclusion as to which no response is required.

107. State that the averments contained in paragraph 107 of the Petition constitute a legal conclusion as to which no response is required.

108. Deny knowledge or information sufficient to form a belief as to the averments contained in paragraph 108 of the Petition.

109. State that the averments contained in paragraph 109 of the Petition constitute a legal conclusion as to which no response is required, and refer to the opinion of the Fifth Circuit in <u>Wong Shing</u> for the contents thereof.

110. State that the averments contained in paragraph 110 of the Petition constitute a legal conclusion as to which no response is required, and otherwise refer to the cited opinion of the Supreme Court for the contents thereof.

111. State that the averments contained in paragraph 111 of the Petition constitute a legal conclusion as to which no response is required.

    b.    **As to the Allegations that Section 201 of TRIA Permits Execution Against the Blocked HLF Funds Notwithstanding the Government's Forfeiture Proceedings, and the Restraining Order is Therefore Void and/or Ineffective to the Extent it <u>Purports to Prevent Enforcement Proceedings Pursuant to TRIA</u>**

112. State that the averments contained in paragraph 112 of the Petition constitute a legal conclusion as to which no response is required, and otherwise refer to TRIA for the terms contents and conditions thereof.

113. State that the averments contained in paragraph 113 of the Petition constitute a legal conclusion as to which no response is required, and otherwise refer to TRIA and to the opinion in <u>Hill</u> for the terms, contents and conditions thereof.

114. State that the averments contained in paragraph 114 of the Petition constitute a legal conclusion as to which no response is required, and otherwise refer to TRIA and to the opinion in Hill for the terms, contents and conditions thereof.

115. State that the averments contained in paragraph 115 of the Petition constitute a legal conclusion as to which no response is required, and otherwise refer to TRIA and to the opinion cited in paragraph 115 for the terms, contents and conditions