thereof

116. State that the averments contained in paragraph 116 of the Petition constitute a legal conclusion as to which no response is required, and otherwise refer to TRIA, IEEPA, the FSIA and the Vienna Conventions for the terms and conditions thereof

117. State that the averments contained in paragraph 117 of the Petition constitute a legal conclusion as to which no response is required, and otherwise refer to IEEPA and the opinion cited in paragraph 117 for the terms, contents and conditions thereof.

118. State that the averments contained in paragraph 118 of the Petition constitute a legal conclusion as to which no response is required, and otherwise refer to IEEPA and the cited opinion for the terms, contents and conditions thereof.

119. State that the averments contained in paragraph 119 of the Petition constitute a legal conclusion as to which no response is required, and otherwise refer to IEEPA and the cited opinion for the terms, contents and conditions thereof.

120. State that the averments contained in paragraph 120 of the Petition constitute a legal conclusion as to which no response is required, and otherwise refer to IEEPA and the cited opinion for the terms, contents and conditions thereof.

121. State that the averments contained in paragraph 121 of the Petition constitute a legal conclusion as to which no response is required, and otherwise refer to TRIA and IEEPA for the terms, contents and conditions thereof.

122. State that the averments contained in paragraph 122 of the Petition constitute a legal conclusion as to which no response is required, and otherwise refer to TRIA and IEEPA for the terms, contents and conditions thereof.

123. State that the averments contained in paragraph 123 of the Petition, including the footnote thereto, constitute a legal conclusion as to which no response is required, and otherwise refer to TRIA and IEEPA for the terms, contents and conditions thereof.

124. State that the averments contained in paragraph 124 of the Petition constitute a legal conclusion as to which no response is required, and otherwise refer to TRIA and IEEPA for the terms, contents and conditions thereof.

125. State that the averments contained in paragraph 125 of the Petition constitute a legal conclusion as to which no response is required, and otherwise refer to TRIA for the terms, contents and conditions thereof.

126. State that the averments contained in paragraph 126 of the Petition constitute a legal conclusion as to which no response is required, and otherwise refer to TRIA, the FSIA and the Vienna Conventions for the terms, contents and conditions thereof.

127. State that the averments contained in paragraph 127 of the Petition constitute a legal conclusion as to which no response is required, and otherwise refer to the FSIA and to the cited legislative history thereof for the terms, contents and conditions thereof.

128. State that the averments contained in paragraph 128 of the Petition constitute a legal conclusion as to which no response is required, and otherwise refer to the cited cases for the terms, contents and conditions thereof.

129. State that the averments contained in paragraph 129 of the Petition constitute a legal conclusion as to which no response is required, and otherwise refer to the FSIA for the terms, contents and conditions thereof.

130. State that the averments contained in paragraph 130 of the Petition constitute a legal conclusion as to which no response is required, and otherwise refer to TRIA, the FSIA and the opinion in Hill for the terms, contents and conditions thereof.

131. State that the averments contained in paragraph 131 of the Petition constitute a legal conclusion as to which no response is required, and otherwise refer to TRIA, the FSIA and the cited opinion for the terms, contents and conditions thereof

132. State that the averments contained in paragraph 132 of the Petition constitute a legal conclusion as to which no response is required, and otherwise refer to the Vienna Conventions for the terms, contents and conditions thereof

133. State that the averments contained in paragraph 133 of the Petition constitute a legal conclusion as to which no response is required, and otherwise refer to TRIA, the Vienna Conventions and the cited opinions for the terms, contents and conditions thereof.

134. State that the averments contained in paragraph 134 of the Petition constitute a legal conclusion as to which no response is required, and refer to TRIA, the Vienna Convention and the FSIA for the terms, contents and conditions thereof.

135. State that the averments contained in paragraph 135 of the Petition constitute a legal conclusion as to which no response is required, and otherwise refer to TRIA for the terms, contents and conditions thereof.

**c. As to the Allegations That the Restraining Order was Given in Violation of Rule 65 of the Federal Rules of Civil Procedure and the Fifth Amendment and In any Case Has Expired by Operation of Rule 65**

136. Deny knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 136 of the Petition, and otherwise refer to the Post-

Indictment Restraining Order for the terms, contents and conditions thereof.

137. State that the averments contained in paragraph 137 of the Petition constitute a legal conclusion as to which no response is required, and otherwise refer to the cited opinion for the terms and conditions thereof.

138. State that the averments contained in paragraph 138 of the Petition constitute a legal conclusion as to which no response is required, and otherwise refer to the opinion cited for the terms and conditions thereof.

139. Deny knowledge or information sufficient to form a belief as to the truth of the factual averments contained in paragraph 139 of the Petition, and further state that the remaining averments contained in paragraph 139 constitute a legal conclusion as to which no response is required.

140. Deny knowledge or information sufficient to form a belief as to the truth of the factual averments contained in paragraph 140 of the Petition, and state further that the remaining averments contained in paragraph 140 constitute a legal conclusion as to which no response is required.

141. State that the averments contained in paragraph 141 of the Petition constitute a legal conclusion as to which no response is required, and otherwise refer to the cited opinions for the terms, contents and conditions thereof.

142. State that the allegations contained in paragraph 142 of the Petition constitute a legal conclusion as to which no response is required.

143. State that the averments contained in paragraph 143 of the Petition constitute a legal conclusion as to which no response is required; and, if and to the extent that a response is deemed to be required, deny the averments contained in paragraph 143 of the Petition.

**COUNT I**

**AS TO THE ALLEGATIONS BY ALL PETITIONERS AGAINST ALL RESPONDENTS**
**TURNOVER**

144. Repeat and reaver the averments contained in paragraphs 1-143 above as if fully set forth herein.

145. Deny knowledge or information sufficient to form a belief as to the truth of the factual averments contained in paragraph 146 of the Petition, and state that the remaining averments constitute a legal conclusion as to which no response is required.

146. Deny knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 146 of the Petition, except admit that Respondent MSDW holds blocked deposit accounts in the name of HLF, and deny that Respondent Morgan Stanley holds any blocked deposit accounts in the name of HLF.

147. Deny knowledge or information sufficient to form a belief as to the truth of the factual averments contained in paragraph 147 of the Petition, except admit that a writ of execution addressed to "Morgan Stanley" was served on the offices of Respondent Morgan Stanley at 1221 Avenue of the Americas in the City and State of New York in September 2004.

148. Deny knowledge or information sufficient to form a belief as to the truth of the factual averments contained in paragraph 148 of the Petition, except admit that, upon being placed on notice of the restraining order issued by the United States District Court for the Northern District of Texas, Morgan Stanley advised counsel for Petitioners that it would be unable to comply with the writ of execution.

149. State that the averments contained in paragraph 149 of the Petition