constitute a legal conclusion as to which no response is required, except denies the averments contained in paragraph 149 of the Petition as such allegations relate to MSDW.

150.    Denies the averments contained in paragraph 150 of the Petition as they relate to Morgan Stanley and MSDW on the grounds, among others, that writ of execution expired when it was not renewed prior to the running of ninety (90) days after levy, and is of no further force or effect.

151.    State that the averments contained in paragraph 151 of the Petition constitute a legal conclusion as to which no response is required.

### ADDITIONAL ALLEGATIONS RELEVANT TO ADDITIONAL DEFENSES

152.    MSDW, which is a stakeholder in this context, and Morgan Stanley, which has been named as a Respondent in this proceeding but is not a proper garnishee, recognize that it is possible that Petitioners may be entitled to the relief sought pursuant to the Petition.

153.    Before the Court can grant such relief, however, all interested parties should have an opportunity to be heard, and the Court is respectfully requested to:

(a)    first determine whether the turnover relief sought by Petitioners is precluded by the Post-Indictment Restraining Order issued by the United States District Court for the Northern District of Texas; and

(b)    if the Court determines that the Restraining Order does not preclude turnover relief, or if the Restraining Order is vacated by the Fifth Circuit in the context of the Petitioners' appeal, the Court is respectfully requested to adjudicate the issues presented by Petitioners' request for relief under TRIA; the Foreign Sovereign

Immunities Act of 1976, 28 U.S.C. § 1601 et seq. (the "FSIA"); Executive Order No. 12947, 60 Fed. Reg. 35079, as amended, issued pursuant to IEEPA, and Executive Order No. 13224, 66 Fed. Reg. 49074, as amended, issued pursuant to, *inter cilia,* IEEPA and the UNPA; and any relevant regulations or designations issued by OFAC;

(c)    if the turnover sought by Petitioners is granted, enter an order pursuant to CPLR § 5209 discharging MSDW from liability to HLF as its depositor in its capacity as a judgment debtor, within the meaning of CPLR § 5209, and further discharging MSDW from liability to any and all other parties for any levy, execution or turnover of HLF blocked deposits made pursuant to the Court's order; and

(d)    irrespective of whether the turnover sought by Petitioners is granted, enter an order determining that Morgan Stanley, which holds no property of HLF and holds no deposits of, and owes no deposit debt to, HLF, is not a proper garnishee in respect of the Petition.

## FOR THEIR FIRST AFFIRMATIVE DEFENSE

154.    The turnover relief sought by the Petitioners is or may be barred by the Post-Indictment Restraining Order.

## FOR THEIR SECOND AFFIRMATIVE DEFENSE

155.    The writ of execution which Petitioners seek to enforce pursuant to CPLR §§ 5225 and 5227 expired when it was not renewed by further order of the Court within sixty (60) days after levy.

## FOR THEIR THIRD AFFIRMATIVE DEFENSE

156.    No proof of service of the Petition on HLF has been filed with the Court, nor is there any filing with the Court as to the delivery of the Petition to HLF in a manner calculated to put it on notice of the relief sought.

## FOR THEIR FOURTH AFFIRMATIVE DEFENSE

157.    No proof of service on the judgment debtor, as required by CPLR §§ 5225(a) and 5227, has been filed with the Court.

## FOR THEIR FIFTH AFFIRMATIVE DEFENSE

158.    While Petitioners rely on Section 201 of TRIA, they have alleged in their Petition some but not all of the elements required to be established by them as a predicate for issuance by the Court of any order authorizing execution against or turnover of the blocked HLF deposits with MSDW, including, without limitation, allegations and a factual showing permitting a determination by the Court:

(a)    that the judgment sought to be enforced is (i) against a terrorist party on a claim based on an act of terrorism; or (ii) based on a claim in respect of an act for which a terrorist party is not immune under 28 U.S.C. § 1605(a)(7);

(b)    that the amount in respect of which execution is sought, including interest and any poundage, is solely for compensatory damages in respect of which the terrorist party has been adjudged liable;

(c)    that the HLF is an "agency or instrumentality" of a terrorist party within the meaning of TRIA, and that under applicable law HLF is liable for the debts of HAMAS;

(d)    that, in respect of any judgment entered against a terrorist party by default, a copy of such default judgment was served on the party in a manner provided by applicable law; and

(e)    that the Petition was served upon the judgment debtor in a manner provided by applicable law.

## FOR THEIR SIXTH AFFIRMATIVE DEFENSE

159.    The Petition fails to state a claim upon which relief can be granted for the reason, among others, that neither Morgan Stanley nor MSDW holds any property in the name of, or owes a deposit or other debt to, judgment debtor HAMAS within the meaning of CPLR § 5201 or Section 134 of the Banking Law of the State of New York.

## FOR THEIR SEVENTH AFFIRMATIVE DEFENSE

160.    Pursuant to Executive Order 12947 and Executive Order 13224, both as amended, and pursuant to the Regulations and designations issued by OFAC thereunder, Morgan Stanley and MSDW are and have been prohibited from transferring any assets held by either of them, if any, in which HLF has an interest, except pursuant to a license issued by OFAC. Accordingly, as set forth above, in order to be entitled to the relief sought herein, Petitioners must establish, and this Court must adjudicate, that TRIA overrides the referenced OFAC Regulations and designations.

## FOR THE EIGHTH AFFIRMATIVE DEFENSE
## OF MORGAN STANLEY

161.    Morgan Stanley does not hold any property of, or owe a deposit debt to, HLF, and is not therefore a proper garnishee or proper respondent in this turnover proceeding.

WHEREFORE, Respondents Morgan Stanley and Morgan Stanley DW, Inc. respectfully request that the Court enter judgment determining whether an order of execution or turnover should be issued in respect of the blocked HLF deposits held by MSDW, and if the Court does order execution or turnover, determine in its order:

(a)    the precise amount of property or deposit debt, if any, to be turned over pursuant to any execution or other turnover order, and the identity of any judgment creditor to whom the turnover is granted;

(b)    whether, as to each judgment in respect of which execution or turnover is ordered, (i) HLF be regarded as the "agency or instrumentality" of a terrorist party on a claim based on an act of terrorism within the meaning of TRIA; or (ii) the judgment is based on a claim in respect of an act for which a terrorist party is not immune under 28 U.S.C. § 1605(a)(7);

(c)    whether the amount of each judgment as to which execution is ordered, including interest and any poundage, is solely for compensatory, not punitive, damages in respect of which the terrorist party has been adjudged liable inasmuch as TRIA § 201(a) only permits execution upon blocked assets in aid of execution in order to satisfy judgments "to the extent of any compensatory damage for which [a] terrorist party has been adjudged liable";

(d)    whether, in respect of each judgment entered against a terrorist party by default, (i) HLF was sufficiently on notice of the proceedings giving rise to the findings of fact made against it such that the requirements of due process have been satisfied; and (ii) a copy of such default judgment was sent to the judgment debtor in a manner provided for by applicable law;

(e)     whether, to the extent that MSDW is ordered to turn over any amount representing

a deposit debt owed to HLF, MSDW, pursuant to CPLR § 5209, is discharged from

any and all obligations or liabilities to HLF, as a judgment debtor within the

meaning of CPLR § 5209, or to any other person to the full extent of the payment;

(f)     irrespective whether the turnover sought by Petitioners is granted, whether Morgan

Stanley, which holds no property of HLF and owes no deposit debt to HLF, is not a

proper garnishee in respect of the Petition; and

(h)     whether Morgan Stanley and MSDW are entitled to other and further relief,

including an award of attorneys' fees and the costs of this proceeding.

Dated:      New York, New York
            August 15, 2005

KREBSBACH & SNYDER, P.C.

By: _____
        Victor A. Machcinski, Jr. (VM-3624)

One Exchange Plaza
55 Broadway, Suite 1600
New York, New York 10006
Tel: (212) 825-9811
Fax: (212) 825-9828

Attorneys for Respondents
Morgan Stanley and
Morgan Stanley DW, Inc.

# Certificate of Service

I hereby certify that on August 15, 2005 the foregoing document was filed with the Clerk

of the Court and served in accordance with the Federal Rules of Civil Procedure, and/or

the Southern District's Local Rules, and/or the Southern District's Rules On Electronic

Service upon the following parties and participants:


LEE SQUITIERI
SQUITIERI & FEARON LLP,
32 EAST 57TH STREET,
12TH FLOOR,
NEW YORK, NEW YORK 10022
Attorneys for Petitioners,

SHARON L. SCHNEIER
DAVIS WRIGHT TREMAINE, LLP
1633 BROADWAY, 27TH FLOOR
NEW YORK, NEW YORK 10017
Attorneys for Respondents
Citibank/Citigroup, Inc.
Via Federal Express

JAMES L. KERR
DAVIS, POLK & WARDWELL
450 LEXINGTON AVENUE
NEW YORK, NEW YORK 10017
Attorneys for Respondents Chase Bank
of Texas-J.P. Morgan Chase & Co./J.P.
Morgan Chase Bank,


S/ _____