UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
―――――――――――――――――――――――――――――x
  Ungar             Plaintiff,
                                            9/22/05
     - against -                    O R D E R
                                    05 civ 3710 (RWS)
  Morgan Stanley    Defendant.
―――――――――――――――――――――――――――――x
Sweet, D.J.,

The parties to this action, by their attorneys, having appeared before this court at a pretrial conference on __9-21-05__, pursuant to Rule 16 of the Federal Rules of Civil Procedure:

Pursuant to _____:

**IT IS HEREBY ORDERED** that:

1. All motions are to be made returnable at 12:00 noon on Wednesday and in compliance with the rules of this Court.

2. The parties shall complete all discovery, inspection and motions by __11-23-06__ after which no discovery will be conducted and no motion will be entertained without a showing of special circumstances. Plaintiff[s] shall submit a draft of the pretrial order to the defendant[s] on or before the completion of discovery.

3. The parties shall, in order to prevent delay or interruption of the trial, have sufficient witnesses present at all times during the trial and shall perpetuate before trial the direct and cross-examination testimony of any essential witness.

4. The parties shall submit to the court trial briefs, a joint proposed pretrial order, and, if applicable, proposed jury charges and voir dire requests in accordance with the annexed form and instructions by __12-7-06__. A final pretrial conference will be held at 4:30 pm on that date and the action shall be added to the trial calendar published in the New York Law Journal. Prior to submission of the final pretrial order, the parties are directed to exchange offers of settlement. The parties are directed to be ready for trial the day after the pretrial order is due and, upon receipt of twenty-four hour telephone notice, on any day thereafter.

5. Adjournments of the dates set forth above will not be granted except for good cause and upon written application made as soon as the grounds for such application are known.

6. Failure to comply with any of the provisions of this order will result in dismissal of the action, entry of a default judgment, or other appropriate sanction.

          It is so ordered.

New York, NY
  9-21  , 2005
                              ―――――――――――――――――――
                              ROBERT W. SWEET
                              U.S.D.J.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

      Plaintiff,      FINAL
  - against -         PRETRIAL ORDER

                  ___ Civ. ___ (RWS)

      Defendant.     JURY

---

**Sweet, D. J.**

1. The pleadings are deemed amended in accordance with the framing of the issues in this action in paragraph 3 of this pretrial order.

2. The parties agree that the trial of this action should be based upon this order and upon the pleadings as amended except that the following issues raised by the pleadings are expressly abandoned:

   [Write "none" if applicable, or list issues abandoned].

3.  (a) The parties stipulate that the following facts are not in dispute in this action (each party reserving the right to object to the materiality of any such stipulated fact and its relevancy to the issues):

   [Give a plain, concise statement in separate, numbered paragraphs of the agreed facts pertaining to (1) liability, (2) damages, and (3) any special defenses, counterclaims, cross-claims or third party claims. Counsel should include a statement as to whether presentation of the case, in whole or in part, upon formal Agreed Statement of Facts is feasible and advisable].

   (b) The plaintiff(s)' contentions are as follows:

   [Set forth, in separate paragraphs, the plaintiff(s)' assertions on disputed factual matters].

   (c) The defendant(s)' contentions are as follows:

   [Set forth, as described above].



      (d) The third party defendant(s)' contentions are as follows:

      [Set forth, as described above.]

4.   (a) The exhibits which each party expects to offer at the trial are as follows:

      [Each party is to furnish a copy of each exhibit listed in such party's exhibit list to counsel to the court and to all other parties for use at trial. All exhibits are to be premarked with tag to be supplied by courtroom deputy, and exchanged one week before plaintiff's submission of pretrial order. A list and a copy of each marked exhibit shall be provided for the court. In the event it is intended to submit an exhibit to the jury, a copy of each exhibit shall be provided for each member of the jury.]

    i.   Plaintiff(s)' exhibits

      [List by <u>number</u> and description and by party if more than one]

    ii.   Defendant(s)' exhibits.

      [List by <u>letter</u> and description. If double letter designations are required, the alphabetical designations shall be AA, AB, etc., and by party if more than one defendant].

    iii.   Third party exhibits.

      [List by name, letter and description].

      [Should any party hereafter decide to offer additional exhibits, prompt notice thereof shall be given to each other party in writing, setting forth the reason why said exhibit was not theretofore identified. No exhibit may be offered at trial unless identified as above stated. Copies of hospital records may be offered into evidence if authenticated by a letter or other certificate which purports to be that of the custodian of the records who certifies that the copy is true and complete. The documents listed in paragraph 4(a) are to be marked with one (1) asterisk if conceded to be genuine, without conceding admissibility. Those marked with two (2) asterisks are stipulated to be admissible in evidence. All others are deemed marked for identification only.]

   (b) All deposition testimony which each party intends to offer at trial is as follows:

   [List by name of deponent, date of deposition, and page numbers of the transcript. All objections to the use of such testimony shall be noted by each party. A copy of deposition testimony shall be provided for the court.]

5. The following is a list of witnesses to be called by the parties, including any expert witnesses, together with an offer of proof with respect to the qualifications and testimony of such expert witnesses:

   [The name of each such expert witness shall be marked by one (1) asterisk if the qualifications are conceded. Should any party hereafter decide to call any additional witnesses, prompt notice of their identity shall be given to each party in writing, setting forth the reason why such witness was not theretofore identified. No witness may be called at trial without further application unless identified as above stated.]

6. The following are all of the claims for damages, counterclaims or cross-claims or for other relief asserted by the plaintiff(s) in this action, as of the date of this conference.

7. The parties also agreed on the following matters:

   (a) Plaintiff(s) at this time expects to require _____ trial days; defendant(s) at this time expects to require _____ trial days; third party defendant(s) at this time expects to require _____ trial days [if applicable].

   (b) Pursuant to Rule 48(2) of the Federal Rules of Civil Procedure and Rule 22 of the Rules of Administration of the Civil and Criminal Calendars Under the Individual Assignment System for the Southern District of New York, the parties have stipulated and agreed that a verdict or a finding by _____ [indicate 4, 5 or 6] of the six jurors comprising the jury shall be taken as the verdict or finding of the jury.

   (c) [Any other procedural agreements or matters may be inserted here].

8. The issues to be tried are formulated by the Court with the consent and agreement of the parties as follows:

3

9. Previous Substantive Motions:

   [List all previous motions to dismiss, for summary judgment, for separate trial of issues, for consolidation of cases, for change of venue, or for <u>pendente lite</u> relief and indicate the disposition or status thereof.]

10. Requested evidentiary rulings are as follows:

    (a) Plaintiff(s):

    (b) Defendant(s):

    (c) Third Party Defendant(s):

11. Requests for <u>voir dire</u> questions to be asked of prospective jurors as follows:

12. All requests for jury instructions submitted herewith will be ruled upon by the court. No additional requests will be entertained without leave of court.


   It is so ordered.


New York, N. Y.
           , 19                                    _____
                                                   ROBERT W. SWEET
                                                   U.S.D.J.


**CONSENTED TO:**


_____
**Attorney(s) for Plaintiff(s)**


_____
**Attorney(s) for Defendant(s)**



4