

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

---

THE ESTATE OF YARON UNGAR, by and through
its Administrator, David Strachman, DVIR UNGAR,
minor, by his guardians and next friends,
YISHAI UNGAR, minor, by his guardians and
next friends, PROFESSOR MEIR UNGAR and
JUDITH UNGAR, individually and in their capacity
as legal guardians of Petitioners Dvir and Yishai Ungar,
RABBI URI DASBERG and JUDITH DASBERG, in their
capacity as legal guardians of Petitioners Dvir and
Yishai Ungar, AMICHAI UNGAR, DAFNA UNGAR
and MICHAL COHEN,

                        Petitioners,

        - against -

MORGAN STANLEY/MORGAN STANLEY DW, INC.,
REPUBLIC BANK OF NEW YORK (HSBC)/
HSBC BANK USA, CHASE BANK OF TEXAS-
J.P. MORGAN CHASE & CO./J.P. MORGAN
CHASE BANK, CITIBANK/CITIGROUP, INC., and
THE HOLY LAND FOUNDATION FOR RELIEF
AND DEVELOPMENT,

                        Respondents.

---

HSBC BANK USA, N.A.,

                        Respondent-Stakeholder and
                        Third-Party Petitioner,

        - against –

UNITED STATES OF AMERICA, THE HOLY LAND
FOUNDATION FOR RELIEF AND DEVELOPMENT,
THE ESTATE OF YARON UNGAR, by and through its
Administrator, David Strachman, DVIR UNGAR, minor,
by his guardians and next friends, YISHAI UNGAR,
minor, by his guardians and next friends,
PROFESSOR MEIR UNGAR and JUDITH UNGAR,
individually and in their capacity as legal guardians

**THIRD-PARTY PETITION
ALLEGING A CLAIM
IN THE NATURE OF
INTERPLEADER**

Case No.
1:05-CV-03710-RWS

of Petitioners Dvir and Yishai Ungar, RABBI URI
DASBERG and JUDITH DASBERG, in their capacity
as legal guardians of Petitioners Dvir and Yishai Ungar,
AMICHAI UNGAR, DAFNA UNGAR and
MICHAL COHEN,

                        Third-Party Respondents-
                        Adverse Claimants.
_____

Respondent-Stakeholder and Third-Party Petitioner HSBC Bank USA, National

Association, incorrectly sued as Republic Bank of New York (HSBC)/HSBC Bank USA

("HSBC"), by its attorneys Scott D. Miller and Tracy S. Woodrow, alleges as follows for

its Third-Party Petition alleging a claim in the nature of interpleader under CPLR § 5239

and § 134 of the New York Banking Law alleges upon information and belief:

## PRELIMINARY

1.      Upon information and belief, Petitioners obtained judgment against

Harakat Al Miganana Al Islamiyya ("HAMAS") in the U.S. District Court for the District of

Rhode Island on February 11, 2004, and registered the judgment in the Court as

Judgment No. 04-1031 on June 1, 2004.

2.      Petitioner initiated a turnover proceeding against HSBC and other financial

institutions, which held funds of the Holy Land Foundation for Relief and Development

("HLF") allegedly a funding arm of HAMAS.  A copy of the Petition is attached as

**Exhibit A** and incorporated by reference.

3.      The relief sought by Petitioner is precluded by a Post-Indictment

Restraining Order issued by the U.S. District Court for the Northern District of Texas.

4.      HSBC, which is a stakeholder in this context, and has been named as a

Respondent in this proceeding but is not a proper garnishee, recognizes that it is

possible that Petitioners may be entitled to the relief sought pursuant to the Petition.

5.    Before the Court can grant such relief, however, all interested parties should have an opportunity to be heard, and the Court is respectfully requested to:

(a)    first determine whether the turnover relief sought by Petitioners is precluded by the Post-Indictment Restraining Order issued by the United States District Court for the Northern District of Texas; and

(b)    if the Court determines that the Restraining Order does not preclude turnover relief, or if the Restraining Order is vacated by the Fifth Circuit in the context of the Petitioners' appeal, the Court is respectfully requested to adjudicate the issues presented by Petitioners' request for relief under TRIA; the Foreign Sovereign Immunities Act of 1976, 28 U.S.C. § 1601 et seq. (the "FSIA"); Executive Order No. 12947, 60 Fed. Reg. 35079, as amended, issued pursuant to IEEPA, and Executive Order No. 13224, 66 Fed. Reg. 49074, as amended, issued pursuant to, *inter alia*, IEEPA and the UNPA; and any relevant regulations or designations issued by OFAC;

(c)    if the turnover sought by Petitioners is granted, enter an order pursuant to CPLR § 5209 discharging HSBC from liability to HLF as its depositor in its capacity as a judgment debtor, within the meaning of CPLR § 5209, and further discharging HSBC from liability to any and all other parties for any levy, execution or turnover of HLF blocked deposits made pursuant to the Court's order; and

3

6.     HSBC holds no property in the name of, or owes any deposit debt to, HAMAS. HSBC does, however, hold blocked deposits standing to the credit of HLF, which Petitioners allege is an "agency or instrumentality" of HAMAS within the meaning of TRIA. HSBC therefore is a stakeholder and may be subject to conflicting claims and obligations as to the deposit debts at issue here. As further indicated above, HSBC holds no deposits of HLF and owes no deposit debt to it, and is therefore not a proper garnishee in respect of the Petition.

7.     The attempt by Petitioners to enforce a judgment that they hold against HAMAS by executing against blocked deposits standing to the credit of HLF, an entity alleged to be a agency or instrumentality of HAMAS, represents an adverse claim against the blocked HLF deposits within the meaning of Section 5239 of New York's Civil Practice Law and Rules (as made applicable to this proceeding by Rule 69 of the Federal Rules of Civil Procedure), as amplified by Section 134 of the Banking Law of the State of New York.

8.     As indicated above, the United States, in the context of the criminal action against HLF pending in the Northern District of Texas, obtained a Post-Indictment Restraining Order that prevents HSBC from disposing of any HLF funds. In addition, pursuant to Executive Order Nos. 12947 and 13224, both as amended, and pursuant to the OFAC Regulations issued thereunder, HSBC is prevented from effecting any unlicensed transfer of blocked deposits, including blocked deposits standing to the credit of HLF, whether pursuant to execution or otherwise. The United States, therefore, is also an adverse claimant or interested party in respect to the blocked deposits referenced to above with in the meaning of §5239 of New York Civil Practice Law & Rules and §134 of New York's Banking Law.

4

## JURISDICTION AND VENUE

9.    This Court has jurisdiction over this proceeding to resolve adverse claims to deposit debts owed by HSBC to HLF, as an entity alleged to be an agency or instrumentality of HAMAS, because the proceeding initiated by Petitioners giving rise to the Third-Party Petition herein seeks turnover of the same HLF deposit debts, and arises under the Constitution, laws or treaties of the United States, and this Court furthermore has jurisdiction over this proceeding under 28 U.S.C. § 1346(a)(2), by reason of the fact that this proceeding to determine adverse claims is in the nature of a civil action brought against the United States that is based upon the Constitution, laws or treaties of the United States, or upon Executive Orders issued by the President, or the regulations issued by an executive department.    This Court furthermore has supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a) over all claims that are so related to claims in the proceeding within the Court's original jurisdiction that they form part of the same case or controversy.    Pursuant to Rule 69 of the Federal Rules of Civil Procedure, proceedings supplemental to and in aid of execution, such as a proceeding to determine adverse claims under CPLR § 5239, are to be in accordance with the practice and procedure of the State in which the district court is held, subject to any applicable statute of the United States.

10.    Venue in respect of the Third-Party Petition is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) and (e) because a substantial part of the property that is the subject of this third-party proceeding is situated in this district.

## THE PARTIES

11.    Respondent and Third-Party Petitioner HSBC is a national banking association, which maintains offices at 452 5th Avenue, New York, NY.

12.    The Petitioners identified in the Petition (the "Ungar Petitioners"), who may be served through their counsel, are adverse claimants to blocked deposits reflected on the books of HSBC that stand to the credit of HLF, which Petitioners allege is an agency or instrumentality of judgment debtor HAMAS.  Accordingly, Petitioners may be deemed Respondents Adverse-Claimants in respect of the Third-Party Petition herein, which is in the nature of interpleader and is brought pursuant to CPLR § 5239 and Section 134 of the New York Banking Law in order to bring all known adverse claimants before the Court and to resolve conflicting claims to HLF funds held by HSBC.  Under these circumstances, HSBC may be exposed to claims from HLF, as well as other parties, and is therefore exposed to the risk of double liability from such claimants.  The Ungar Petitioners may also be deemed to be Counterclaim Respondents Adverse-Claimants.

13.    Respondent and Third-Party Respondent Adverse-Claimant HLF, which has maintained its principal offices at 525 International Parkways, Suite 525, Richardson, Texas, has maintained a deposit account with HSBC and its predecessors.  HLF is at the present time owed a deposit debt by HSBC that has been blocked by Regulations issued by OFAC.  That deposit is also subject to the Post-Indictment Restraining Order obtained by the United States.  Accordingly, HLF is also an adverse claimant to the deposit that is the subject of the turnover sought by the Petition and may be deemed to be an Respondent Adverse-Claimant in respect of the Third-Party Petition herein.  HLF, which was named as a Respondent in the Petition, may also be deemed to be a Cross-Claim Respondent Adverse-Claimant.

14.    The United States of America, which has prohibited transfer of any blocked deposits standing to the credit of HLF pursuant to Executive Orders 12947 and 13224, both as amended, and pursuant to the OFAC Regulations and designations

issued thereunder, and which has also obtained a Post-Indictment Restraining Order
from the United States District Court for the Northern District of Texas in the context of a
criminal proceeding brought against HLF, is similarly an Adverse Claimant or interested
party in respect of the Ungar Petition, and may also be deemed an Adverse Claimant-
Respondent in respect of the Third-Party Petition herein.  The United States may be
served by service on the United States Attorney for the Southern District of New York.

### AS AND FOR HSBC'S CLAIM IN THE NATURE OF INTERPLEADER

15.    The Ungar Petitioners, HLF and the United States have either asserted, or
may be entitled to assert, claims in respect of the blocked deposits standing to the credit
of HLF.

16.    HSBC, which maintains the blocked HLF deposits on its books against
which execution or turnover is sought, is a stakeholder in respect of the blocked funds,
and conflicting claims either have been or may be asserted against the blocked deposits
that present the risk to HSBC of double liability.

17.    HSBC is unable to effect the unlicensed transfer of blocked deposits held
by it to either Petitioners or Third-Party Respondent HLF without risk of violating the
OFAC Regulations, nor is it able to pay any part of such blocked deposits out to the
Petitioners without being subjected to the risk of contempt for violating the Post-
Indictment Restraining Order obtained by the United States.

WHEREFORE, Respondent and Third-Party Petitioner HSBC Bank USA, N.A.
respectfully requests that the Court enter judgment determining whether an order of
execution or turnover should be issued in respect of the blocked HLF deposits held by
HSBC, and if the Court does order execution or turnover, determine in its order:

(a)     the precise amount of property or deposit debt, if any, to be turned over pursuant to any execution or other turnover order, and the identity of any judgment creditor to whom the turnover is granted;

(b)     whether, as to each judgment in respect of which execution or turnover is ordered, (i) HLF be regarded as the "agency or instrumentality" of a terrorist party on a claim based on an act of terrorism within the meaning of TRIA; or (ii) the judgment is based on a claim in respect of an act for which a terrorist party is not immune under 28 U.S.C. § 1605(a)(7);

(c)     whether the amount of each judgment as to which execution is ordered, including interest and any poundage, is solely for compensatory, not punitive, damages in respect of which the terrorist party has been adjudged liable inasmuch as TRIA § 201(a) only permits execution upon blocked assets in aid of execution in order to satisfy judgments "to the extent of any compensatory damage for which [a] terrorist party has been adjudged liable";

(d)     whether, in respect of each judgment entered against a terrorist party by default, (i) HLF was sufficiently on notice of the proceedings giving rise to the findings of fact made against it such that the requirements of due process have been satisfied; and (ii) a copy of such default judgment was sent to the judgment debtor in a manner provided for by applicable law;

(e)     whether the service by HSBC of its Answer to the Petition and the Third-Party Petition of HSBC under CPLR § 5239, made applicable herein by Rule 69 of the Federal Rules of Civil Procedure, is good and sufficient service;

(f)     whether, to the extent that HSBC is ordered to turn over any amount representing a deposit debt owed to HLF, HSBC, pursuant to CPLR § 5209, is discharged from any and all obligations or liabilities to HLF, as a judgment debtor within the meaning of CPLR § 5209, or to any other person to the full extent of the payment;

(g)     determine whether the turnover sought by Petitioner is precluded by the Post-Indictment Restraining Order issued by the U.S. District Court for the Northern District of Texas and determine whether TRIA overrides the pertinent OFAC Regulations and designations.

(h)     whether HSBC is entitled to other and further relief, including an award of attorneys fees and the costs of this proceeding.

Dated:      November 21, 2005
            Buffalo, NY

                                    _____
                                    Scott D. Miller (SM0856)
                                    Tracy S. Woodrow (TW4559) and
                                    Attorneys for Respondent-Stakeholder
                                    and Third-Party Petitioner
                                    HSBC Bank USA, N.A.
                                    One HSBC Center – 27th Floor
                                    Buffalo, NY  14203
                                    (716) 841-4230/2334

Mrm/ungar/Third Party Petition(baw)

9

# EXHIBIT
# A

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

THE ESTATE OF YARON UNGAR
by and through its Administrator,
David Strachman,

DVIR UNGAR, minor,
by his guardians and next friends,
YISHAI UNGAR, minor,
by his guardians and next friends,

PROFESSOR MEIR UNGAR,
JUDITH UNGAR, individually and in
their capacity as legal guardians of Petitioners
Dvir and Yishai Ungar,

RABBI URI DASBERG,
JUDITH DASBERG, in their capacity as legal
guardians of Petitioners Dvir and Yishai Ungar,

AMICHAI UNGAR,
DAFNA UNGAR

and

MICHAL COHEN

                      Petitioners,

       v.

MORGAN STANLEY/
MORGAN STANLEY DW, INC.
1221 Avenue of the Americas 4th Fl.
New York, New York 10020,

REPUBLIC BANK OF NEW YORK (HSBC)/
HSBC BANK USA
452 Fifth Ave
New York, New York 10022,

Index No.

**PETITION PURSUANT
TO CPLR 5225 AND 5227**

1

CHASE BANK OF TEXAS—J.P. MORGAN CHASE & CO./
J.P. MORGAN CHASE BANK
270 Park Avenue
New York New York 10022,

CITIBANK/
CITIGROUP, INC.
425 Park Avenue
New York, New York 10043

and

THE HOLY LAND FOUNDATION
FOR RELIEF AND DEVELOPMENT
345 E. Railway Avenue
Patterson, New Jersey

Respondents

Petitioners, by counsel, respectfully allege in support of their Petition as follows:

## NATURE OF PROCEEDING AND RELIEF REQUESTED

1.     Petitioners hold a judgment in excess of $116,000,000 against the HAMAS terrorist organization that was entered by the United States District Court for the District of Rhode Island on February 11, 2004, and registered in this Court as Judgment No. 04-1032 on June 1, 2004 ('judgment").

2.     Pursuant to §201 of The Terrorism Risk Insurance Act of 2002, petitioners' judgment is enforceable against assets of respondent The Holy Land Foundation for Relief and Development ("HLF"), a Texas-based organization that operates as the fundraising arm of HAMAS in the United States.

3.     In early September 2004, the United States Marshal levied a writ of execution issued by this Court on respondents MORGAN STANLEY, REPUBLIC BANK OF NEW

2