IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

_ORIGINAL_

UNITED STATES OF AMERICA §
§
v. § NO. 3:04-CR-240-G
§
HOLY LAND FOUNDATION FOR §
RELIEF AND DEVELOPMENT (1) §
   also known as the "HLF" §
SHUKRI ABU BAKER (2) §
MOHAMMAD EL-MEZAIN (3) §
GHASSAN ELASHI (4) §
HAITHAM MAGHAWRI (5) §
AKRAM MISHAL (6) §
MUFID ABDULQADER (7) §
ABDULRAHAM ODEH (8) §



U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
**FILED**
SEP 2 4 2004
CLERK, U.S. DISTRICT COURT
By_____
Deputy

## GOVERNMENT'S _EX PARTE_ APPLICATION
## FOR POST-INDICTMENT RESTRAINING ORDER

    The United States, by and through the United States Attorney for the Northern

District of Texas, makes application to this Court, pursuant to 21 U.S.C. § 853(e)(1)(A),

for a restraining order to preserve the availability of certain property that is subject to

forfeiture in the above-styled criminal action. As grounds therefor, the Government states

as follows:

    1. That pursuant to 21 U.S.C. § 853(e)(1), this Court is authorized to enter a

    restraining order or injunction, require the execution of satisfactory performance

    bond, or take any other action to preserve the availability of property subject to

Application for Post-indictment Restraining Order - HLF - 1

Certified a true copy of an instrume
on file in my office on FEB - 1 2005
Clerk, U.S. District Court,
Northern District of Texas
By_____ Deputy

forfeiture.

2. That on July 26, 2004, the HLF, along with seven of its officers and fundraisers, was indicted by a federal grand jury in this district on charges of providing material support to a designated Foreign Terrorist Organization (FTO) (18 U.S.C. § 2339B), providing goods or services to a Specially Designated Terrorist (SDT) (50 U.S.C. § 1701-1706), and money laundering (18 U.S.C. § 1956). *See United States v. Holy Land Foundation for Relief and Development (HLF), et al.*, Case No. 3:04-CR-240-G. As part of the indictment, the United States is seeking the criminal forfeiture under 18 U.S.C. § 982(a)(1) of certain property in which the HLF holds an interest. See Attachment A.

3. That the HLF was designated by the President of the United States as a Specially Designated Terrorist (SDT) and Specially Designated Global Terrorist (SDGT) pursuant to Executive Orders 12947 and 13224, respectively. The property subject to this Order is currently "blocked" by the Department of Treasury pursuant to the designations, and is being held at the various financial institutions identified in Attachment A.

4. That the indictment alleges that the property with respect to which this Order is sought would, in the event of HLF's conviction, be subject to forfeiture under 18 U.S.C. § 982 and 21 U.S.C. § 853.

5. That the indictment against the HLF establishes sufficient probable cause for the

issuance of this Restraining Order.

6. That destruction or the transfer, movement, conveyance, or encumbrance of subject property by the defendant, the Department of Treasury, or any third party could render said property unavailable for forfeiture. The Government is aware of legal action being taken by two civil litigants seeking access to the forfeitable funds. Plaintiffs in *Ungar v. Palestinian Authority*, 304 F. Supp.2d 232 (D.R.I. 2004), obtained a default judgement against HAMAS, the Palestinian-based terrorist organization for whom the HLF allegedly provided support. The HLF was not a named defendant in that case; however, the *Ungar* plaintiffs have obtained a Writ of Execution from the Southern District of New York for the HLF's assets being held in that jurisdiction. That writ was based on the *Ungar* default judgement wherein the district court addressed the assets of the HLF and the fact that the United States had designated the HLF as an agent of HAMAS. The issuing court also noted the U.S. Court of Appeals for the District of Columbia had affirmed the Government's finding. *See Holy Land Foundation for Relief and Development v. Ashcroft*, 333 F.3d 156 (D.C. Cir 2003), *cert. denied* 124 S.Ct. 1506 (2004). The authority for the writ was also based on the Terrorism Risk Insurance Act of 2002, Pub. L. 107-297, 28 U.S.C. 1610, which allows plaintiffs with a successful judgement against a terrorist organization to attach any blocked funds of the organization (or its agents/instrumentalities) for satisfaction of the judgement. Plaintiffs in *Boim, et al. v. Quranic Literacy Institute, et al.*,

Northern District of Illinois, No. 00 C 2905, have brought suit in the District of Columbia seeking to enjoin the Department of Treasury from distributing the HLF's blocked funds to any party prior to the resolution of their Illinois-based case. The *Boim* case is a federal civil lawsuit surrounding the death of a United States citizen allegedly killed as the result of a HAMAS terrorist act. The HLF is a named defendant in the *Boim* case, which is currently set for trial in December 2004.

7. That any third party claims to the subject property may be properly brought and resolved in ancillary proceedings conducted by this Court following the execution of a Preliminary Order of Forfeiture and service of notice to all interested parties in accordance with the provisions of federal forfeiture law.

## LEGAL MEMORANDUM

Pursuant to 18 U.S.C. § 982(a)(1), a person convicted of a violation of 18 U.S.C. §§ 1956, 1957 and 1960, in addition to any other penalty, shall forfeit to the United States:

> any property, real or personal, involved in such offense, or any property traceable to such property.

In order to assure the availability of property for forfeiture upon conviction, 21 U.S.C. § 853(e)(1), which is incorporated by reference in 18 U.S.C. § 982(b)(1), provides that the court may enter a restraining order upon the filing of an indictment. 21 U.S.C. § 853(e), in pertinent part, provides:

> (1) Upon application of the United States, the court may enter a restraining order or injunction, require the execution of a satisfactory performance bond, or take any other action to preserve the availability of property...for forfeiture

Application for Post-indictment Restraining Order - HLF - 4

under this section–

> (A) upon the filing of an indictment or information charging a violation…for which criminal forfeiture may be ordered under this section and alleging that the property with respect to which the order is sought would, in the event of conviction, be subject to forfeiture under this section; …

Pre-trial restraint of assets under 21 U.S.C. § 853(e) has been approved by the United States Supreme Court. In *United States v. Monsanto*, 491 U.S. 600, 109 S.Ct. 2657 (1989), the district court restrained, under 21 U.S.C. § 853, a defendant from disposing of his house, his apartment and $35,000 in cash prior to trial. The Supreme Court upheld the pre-trial restraint, noting:

> [I]t would be odd to conclude that the Government may not restrain property, such as the home and apartment in respondent's possession, based on a finding of probable cause, when we have held that …, the Government may restrain <u>persons</u> where there is a finding of probable cause to believe that the accused has committed a serious offense.

Id., at 615-16.

In the same year as the *Monsanto* decision, the Eleventh Circuit recognized the right of the United States to seek pre-trial restraint of forfeitable assets:

> To preserve forfeitable assets for a possible conviction, the district court may restrain the defendant from using…assets before trial. The restraints may be imposed by way of a restraining order, an injunction, the execution of a performance bond, or a temporary seizure of certain assets which, because of their liquidity, can be readily transferred or hidden.

*United States v. Bissell*, 866 F.2d 1343, 1349 (11th Cir.), *cert. denied*, 493 U.S. 876 (1980).

In determining whether to issue a restraining order, "[t]he return of the indictment by the

federal grand jury...represents a determination of probable cause sufficient to issue a restraining

order under 21 U.S.C. § 853(e)(1)(A)...." *United States v. Sellers*, 848 F.Supp. 73, 75 (E.D. La.

1994); *accord, In re Billman*, 915 F.2d 916, 919 (4th Cir. 1990), *cert. denied,* 500 U.S. 952 (1991)

("[T]he government may 'seize property based on a finding of probable cause to believe that the

property will ultimately be proven forfeitable,'(citation omitted). The probable cause found by

the grand jury satisfies the government's burden of proving the allegations of the indictment.").

As noted in the legislative history of the Comprehensive Crime Control Act of 1984:

> For the purposes of issuing a restraining order, the probable cause established in the
> indictment or information is to be determinative of any issue regarding the merits
> of the government's case on which the forfeiture is to be based.

S.Rep. No. 225, 98th Cong., 2d Sess. 203 (1984), *reprinted in* 1984 U.S. Code Cong. & Admin.

News 3182, 3386.

In the present case, the federal grand jury's indictment of the HLF and other named

defendants, which specifically identified property as being subject to forfeiture, establishes

sufficient probable cause for the issuance of a restraining order. The United States seeks to

preserve the status quo of the subject property to prevent its alienation or dissipation. The

purpose of pre-trial restraint of property is to preserve the availability of property that can be

forfeited after trial. *In re Billman*, 915 F.2d at 921.

Wherefore, for the foregoing reasons, the Government requests this Court to enter a

protective order immediately restraining, prohibiting and enjoining the HLF and its agents,

servants, employees, attorneys, family members and those persons in active concert or

participation with the HLF, and those persons, financial institutions, or entities who have any interest or control over the subject property from attempting or completing any action that would affect the availability, marketability or value of said property, including but not limited to selling, transferring, assigning, pledging, distributing, encumbering, wasting, secreting or otherwise disposing of, or removing from the jurisdiction of this Court, said property.

The Government further requests that any financial institutions holding any accounts subject to this Order be prohibited from taking offsets against such accounts, and that they continue to credit any deposits, interest, dividends, or other credits to such accounts in the normal course of business, and such deposits, interest, dividends, and other credits shall be subject to this Order. In addition, upon receiving notice of this Order, that each financial institution be required to promptly inform the Government as to the account balances at the time of notice, and thereafter supplement such information by reporting to the Government any changes to the accounts, and by responding promptly to requests by the Government for information on the accounts' current status.

The Government further requests that the U.S. Marshal, the Secretary of Treasury, or their designee be directed to promptly serve a copy of this Restraining Order upon the HLF, and all other appropriate individuals and/or financial institutions identified in Attachment A, and make a return thereon reflecting the date and time of service.

The Government further requests that this Restraining Order remain in full force and effect until further order of this Court.

Respectfully submitted,

RICHARD B. ROPER
United States Attorney


JAMES T. JACKS
First Assistant United States Attorney
1100 Commerce St., Third Floor
Dallas, Texas 75242
214.659.8600
214.767.2846 (Facsimile)
Texas State Bar No. 10449500


NATHAN F. GARRETT
Assistant United States Attorney
1100 Commerce St., Third Floor
Dallas, Texas 75242
214.659.8600
214.767.2846 (facsimile)
Missouri State Bar No. 46500