**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*



RECEIVED
APR 1 1 2006
JUDGE SWEET CHAMBERS

*86 Chambers Street, 3rd Floor*
*New York, New York 10007*

April 10, 2006

So ordered
Sweet USDJ
4.11-06

By Hand Delivery
Honorable Robert W. Sweet
United States District Judge
Southern District of New York
500 Pearl Street, Room 1920
New York, New York 10007

Re:  **Estate of Yaron Ungar v. Morgan Stanley, et al., 05 Civ. 3710 (RWS)**

Dear Judge Sweet:

The Court previously stayed the above-referenced action until twenty days after the Fifth Circuit issued an opinion in United States v. Holy Land Foundation, No. 04-11282. I write now respectfully to inform the Court that the Fifth Circuit issued its opinion in that matter on April 4, 2006. I enclose a copy of the decision for the Court's convenience.

In addition, I respectfully request that the Court continue the stay in this matter until May 26, 2006. As Your Honor will recall, the Fifth Circuit matter concerned the Ungars' challenge to an ex-parte restraining order obtained by the Government in the Texas district court to preserve for forfeiture the assets of Holy Land Foundation ("HLF") in connection with an indictment against HLF in that district. The assets at issue were funds in bank accounts located in New York, South Carolina, and Washington. The Ungars challenged the restraining order in the Fifth Circuit, arguing that the Texas district court lacked jurisdiction to enter the order on account of writs of execution the Ungars levied in New York, South Carolina, and Washington on the relevant assets. The Fifth Circuit rejected the majority of the Ungars' arguments; however, it held that the restraining order did not comply with notice provisions contained in Federal Rule of Civil Procedure 65(a)(1). It therefore vacated the restraining order and remanded to the district court.

Until the Fifth Circuit's mandate issues, the Texas district court's restraining order remains in effect. See Fifth Circuit Practitioner's Handbook 81 ("The court's judgment takes effect when the mandate issues."). In the Fifth Circuit, the mandate issues eight calendar days after the time for filing a petition for a panel rehearing expires. See Fifth Circuit Local Rule 41 (note). The Government is currently considering whether it will petition for a rehearing and, in accordance with Rule 40(a)(1) of the Federal Rules of Appellate Procedure, has sought an extension of time to file any petition until May 18, 2006. Because the Government's decision in that regard may impact the arguments it makes in this case, we ask that the Court stay this matter until May 26, 2006. We will promptly notify the Court in May as to whether either a petition for

rehearing has been filed or the mandate has issued.

        I thank the Court for its consideration of this request.

        Respectfully,

        MICHEL J. GARCIA
        United States Attorney

By: *Danna Drori*

        DANNA DRORI (DD-7690)
        Assistant United States Attorney
        86 Chambers Street, 3rd Floor
        New York, New York  10007
        Telephone: (212) 637-2689
        Facsimile: (212) 637-2686

encl.

cc:    <u>By Facsimile</u> (without enclosure)
       James L. Kerr, Esq.
       David J. Strachman, Esq.
       Sharon L. Schneier, Esq.
       Victor A. Machcinski, Jr., Esq.