

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

---

*86 Chambers Street, 3rd Floor*
*New York, New York 10007*

July 30, 2007



RECEIVED
JUL 3 0 2007
JUDGE SWEET CHAMBERS

By Hand Delivery
Honorable Robert W. Sweet
United States District Judge
Southern District of New York
500 Pearl Street, Room 1920
New York, New York 10007

    Re:    **Estate of Yaron Ungar v. Morgan Stanley, et al.**, 05 Civ. 3710 (RWS)

Dear Judge Sweet:

    At the Government's request, the Court stayed the above-referenced action until twenty days after the Fifth Circuit issued a decision following rehearing en banc in United States v. Holy Land Foundation, No. 04-11282. I write now to inform the Court that on July 18, 2007, the Fifth Circuit issued a decision dismissing the Ungars' challenge to the restraining order obtained by the Government in the Texas district court to preserve for forfeiture the assets of the Holy Land Foundation ("HLF") in connection with an indictment against HLF in that district. See United States v. Holy Land Foundation, – F.3d –, 2007 WL 2045448 (5th Cir. July 18, 2007). A copy of the decision is enclosed.

    Of particular importance here, the Circuit rejected the Ungars' argument that the Texas district court lacked jurisdiction to restrain the HLF and its agents from releasing any funds in the New York bank accounts at issue in the matter before Your Honor. Id. at *5. Instead, the Fifth Circuit held that the Ungars must pursue their interest in HLF's assets – including the New York accounts – in accordance with the scheme set out in the federal criminal forfeiture statute, 21 U.S.C. § 853. Id. at *5-6. That scheme requires the Ungars to wait until after the termination of the criminal case to assert their interest in the restrained assets – and, if the Government secures a conviction against HLF, to assert that interest in the district court in Texas. See id. at *7 ("[T]he Ungars will have their day in court, but under the scheme set forth in [21 U.S.C.] § 853 . . . [t]hey must wait for the criminal prosecution to conclude and, if HLF is convicted, they must take their arguments to that district court in the first instance.").

    Accordingly, because the outcome of the criminal matter will determine whether this matter may proceed here or whether the Ungars must instead proceed in Texas, we respectfully request that this Court continue the stay – or place the matter on the suspense docket – until the conclusion of the criminal matter in Texas.

So ordered
Sweet USDJ
8-8-07

USDC SDNY

8/9/07

I thank the Court for its consideration of this matter.

Respectfully,

MICHEL J. GARCIA
United States Attorney

By: *Danna Drori*

DANNA DRORI
Assistant United States Attorney
86 Chambers Street, 3rd Floor
New York, New York 10007
Telephone: (212) 637-2689
Facsimile: (212) 637-2686

encl.

cc:   <u>By Facsimile</u> (without enclosure)
      James L. Kerr, Esq.
      Victor A. Machcinski, Jr., Esq.
      Sharon L. Schneier, Esq.
      David J. Strachman, Esq.